STATE OF INDIANA, EX REL. HUNTER, PROSECUTING ATTORNEY, *v.* TOWN OF HESSVILLE, ET AL.

[No. 23,548. Filed May 19, 1921. Rehearing denied October 26, 1921.]

1. QUO WARRANTO.—*Challenging Legal Existence of Municipal Corporation.—Applicability of Remedy. — Statutes. —* Where after annexation to a city of contiguous unplatted territory the board of county commissioners ordered the incorporation of a town exactly coterminous with the territory annexed by the city, *quo warranto* by the city was the proper remedy to forfeit the charter of the town and to prevent the officers of that town from performing their functions and duties, under §1188, cl. 3, Burns 1914, §1131 R. S. 1881. p. 254.

2. QUO WARRANTO.—*Proceeding by a Municipal Corporation.— Right of Prosecuting Attorney to File Information as Relator. —Statutes.—*The prosecuting attorney of a judicial district represents all the people in the district so far as pleas of the state are concerned, and, in view of §1189 Burns 1914, §1132 R. S. 1881, he may properly file an information upon his own relation and prosecute a *quo warranto* proceeding by a city in

State, ex rel. *v.* Town of Hessville—191 Ind. 251.

his district to forfeit the charter of a town, the territory of which was exactly coterminous with unplatted territory previously annexed by such city. p. 255.

3. MUNICIPAL CORPORATIONS.—*Annexation of Territory.—Incorporation of Town Within Annexed Territory.—Power of Board of County Commissioners to Order.—Statutes.*—Where a city annexed contiguous territory pursuant to §8896 Burns 1914, Acts 1905 p. 383, and an appeal was taken under §8897 Burns 1914, Acts 1905 p. 383, to the circuit court, which decreed that the territory be annexed to such city, the action of the city and the circuit court on appeal was exclusive and the board of county commissioners thereafter had no jurisdiction to create a town within such annexed territory, since, where two tribunals have concurrent and complete jurisdiction of the subject-matter, the one first invoked becomes exclusive. p. 255.

4. MUNICIPAL CORPORATIONS.—*Annexation of Territory.—Appeal to Circuit Court.—Judgment Postponing Annexation.—Validity.—Statutes.*—A judgment rendered by a circuit court on appeal, under §8897 Burns 1914, Acts 1905 p. 383, in an annexation proceeding confirming the annexation by a city of contiguous, unplatted territory is not void because of a stipulation made a part thereof by agreement of the parties postponing the time when the annexation should become effective, though the court had no authority, under §8896 Burns 1914, Acts 1905 p. 383, to suspend the effect of its judgment; the unauthorized part of the judgment being separable from that which is authorized. p. 256.

5. ESTOPPEL.—*Applicability of Doctrine to Municipal Corporaations.*—For some purposes the doctrine of estoppel is applicable to municipal corporations, not because of mere nonaction of its officers to assert a right, but because of some affirmative action influencing another, which renders it inequitable for the corporate body to assert a different set of facts. p. 257.

6. MUNICIPAL CORPORATIONS.—*Annexation of Territory.—Appeals.—Judgment of Annexation.—Validity.—Failure to Find Specified Facts.—Statutes.*—On appeal to the circuit court in an annexation proceeding, the court's judgment that certain land be annexed to the city under §8897 Burns 1914, Acts 1905 p. 383, providing for such annexation if the court "shall" find certain facts, was not void because of the failure to find such facts, as it was not the intention of the legislature to require more than a general finding. p. 259.

7. COURTS.—*Jurisdiction.—Statutes Affecting. — Construction.*—When a matter is referred to a court of general jurisdiction, the legislative intent to deprive the court of jurisdiction because of failure to act in a particular way ought to be very clear from the language used in the statute. p. 261.

From Porter Superior Court; *Harry L. Crumpacker*, Judge.

Proceedings in *quo warranto* by the State of Indiana, on the relation of Clyde Hunter, prosecuting attorney, etc., against the town of Hessville, etc., and others. From a judgment for defendants, the relator appeals. *Reversed.*

*McMahon & Conroy* and *Clyde Hunter*, for appellant.
*Quincy A. Meyers, Frederick C. Crumpacker* and *Edwin H. Friedrich*, for appellees.
*Joseph G. Ibach* and *William J. Whinery, amici curiae.*

TOWNSEND, J.—On April 7, 1911, the city of Hammond annexed by ordinance contiguous unplatted territory pursuant to §8896 Burns 1914, Acts 1905 p. 383. There was an appeal to the circuit court pursuant to §8897 Burns 1914, Acts 1905 p. 383. On July 3, 1913, the circuit court rendered the following judgment: "It is therefore considered, adjudged and decreed by the court, that the territory hereinabove described be, and the same is hereby annexed to said City of Hammond, *and by agreement of all parties hereto duly entered in open court, it is now by the court ordered that said annexation shall not become effective until five years from this date, at which time said territory shall become and be a part of the said city of Hammond.*

"It is further adjudged and decreed by the court that all of the costs of this proceeding be, and the same are hereby taxed against the said City of Hammond." (Our italics for convenient reference hereafter.)

On December 3, 1917, proceedings were begun before the board of county commissioners for the incorporation of appellee town of Hessville. On January 9, 1918, the board ordered this incorporation. The territory so incorporated as the town of Hessville is exactly

coterminous with the unplatted territory annexed by the ordinance of the city of Hammond, and by the foregoing judgment of the circuit court.

By *quo warranto* relator sought to forfeit the charter of the town of Hessville and prevent the officers of that town from performing their functions and duties.

From a judgment of the trial court denying this relief relator appeals. The questions arise on the motion for a new trial: (1) The decision is contrary to law. (2) The decision is not sustained by sufficient evidence.

Neither in the original briefs nor upon the oral argument of this cause was any question raised as to the propriety of the remedy by *quo warranto;* but since then *amici curiae* have intervened and by permission of court have filed briefs in which they claim that the proper remedy is by injunction. They rely upon *Stultz* v. *State, ex rel.* (1879), 65 Ind. 492. An examination of that case will disclose that the court expressly held that the corporate existence of the city of Huntington was not called in question by the information. This court there held that it appeared from the face of that information that the officers of the city of Huntington were exercising authority over territory which relator claimed was illegally annexed. This court reversed that case, with instructions to sustain a demurrer to the information upon the ground that it did not state a cause of action within the purview and meaning of the clauses of §749, 2 R. S. 1876. (Now §1188 Burns 1914.)

If what is said in the Stultz case, *supra*, as to the propriety of the remedy by *quo warranto*, is correct (See note to *City of Union Town* v. *State, ex rel. Glass* (1906), 145 Ala. 471, 8 Ann. Cas. 320), it has no application to the instant case, for the information grounds itself on the proposition that the appellee town has *no legal existence*. Appellee town

has no place to live except in the territory attempted to be annexed to the city of Hammond. It has no territory but this to exercise authority over. Its officers have no place to function but here. This being true, we hold that *quo warranto* is a proper remedy. The legal existence of a municipal corporation is properly brought in question by *quo warranto*. *Mullikin* v. *City of Bloomington* (1880), 72 Ind. 161; §1188, cl. 3, Burns 1914, §1131 R. S. 1881.

It is also suggested by *amici curiae* that the prosecuting attorney of the thirty-first judicial district in no way represents the city of Hammond, and therefore should not be permitted as relator to question the legal existence of the town of Hessville, and thereby determine the effect of the judgment of the circuit court. The prosecuting attorney for the thirty-first judicial district represents all of the people in that district, so far as pleas of the state are concerned. Section 1189 Burns 1914, §1132 R. S. 1881, expressly confers upon him the power to initiate proceedings in *quo warranto*. The city of Hammond and the town of Hessville are in his district. The remedy being proper, he is the proper officer to file the information and prosecute the case.

It is shown by the information here that the persons seeking to organize the town of Hessville had a preliminary survey (§8975 Burns 1914, Acts 1905 p. 219) of the exact territory attempted to be annexed to the city of Hammond. They invoked the action of the board of commissioners to grant them the right to be a municipal corporation exercising authority over this territory. Now if the city of Hammond had already lawfully annexed this territory, then the action of the city and the circuit court on appeal was exclusive, and the board of commissioners had no jurisdiction to create the town of Hessville. Where two

tribunals have concurrent and complete jurisdiction of the subject-matter, the one first invoked becomes exclusive. *Taylor* v. *City of Fort Wayne* (1874), 47 Ind. 274, 282.

The contention between relator and appellees is upon the effect of the words which we have italicized in the judgment of the circuit court. It is the contention of appellees that the attempted postponement of the operation of this judgment renders the whole proceeding void. Relator presents the dilemma that he is not interested in the matter of whether the judgment is valid or void; that, in any event, the territory was annexed to the city of Hammond by the ordinance, and even if the judgment is void, there is a proceeding pending and therefore the board of county commissioners had no jurisdiction to grant a charter to the town of Hessville.

Counsel for relator and for appellee have been diligent in presenting authorities, but no exact precedent has been called to our attention by them; nor have we been able to discover any by search.

It may be conceded that the court had no power to suspend the effect of this judgment. The court was authorized by §8897 Burns 1914, *supra*, to annex or deny annexation. The question then is, What effect did the attempted postponement of the judgment have upon its validity? When that which refers to the postponing of annexation is stricken out, there is a proper and complete judgment annexing the territory to the city of Hammond. Because the court put more into this judgment than is authorized by law, does that destroy the valid part of the judgment? We think not. For the authorized part is separable from that which is unauthorized. The remonstrance filed in the circuit court against the ordinance of annexation suspended the operation of that ordinance until judgment was rendered.

§8897 Burns 1914, *supra.* A denial of annexation by the judgment would have precluded the city from passing another ordinance within two years. §8897 Burns 1914, *supra.*

We hold that the part of the judgment italicized was unauthorized, and we hold that it is separable from the authorized part of the judgment. In other words, by striking out the italicized words in the judgment, there is a valid judgment of annexation. The italicized words have no effect upon the judgment. What effect they may have upon the parties to the agreement, we need not here determine.

For some purposes the doctrine of estoppel is applicable to municipal corporations. Not because of the mere nonaction of its officers to assert a right, but because of some affirmative action influencing another, which renders it inequitable for the corporate body to assert a different set of facts. See *Logan County* v. *City of Lincoln* (1876), 81 Ill. 156, 159; *Board, etc.* v. *City of Denver* (1902), 30 Colo. 13, 69 Pac. 586.

The judgment is reversed, with instructions to the trial court to sustain relator's motion for a new trial.

## On Petition for Rehearing.

Townsend, C. J.—Appellees contended in their original brief that the judgment herein was void, because the court did not specially find the facts indicated by §8897 Burns 1914, Acts 1905 p. 383. We failed to discuss this question in the original opinion.

So much of §8897 Burns 1914, *supra,* as is essential to understand the point is as follows: "Whenever such territory is annexed * * * as provided in the foregoing section, * * * by special ordinance * * *,

an appeal may be taken   *   *   *   by one or more persons deeming himself or themselves aggrieved   *   *   *, filing their remonstrances ·in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts   *   *   *   within 10 days after the last publication provided for in the preceding section; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place.   *   *   *   summons shall be served upon the proper officers of the city   *   *   *, and such city shall become defendant   *   *   *, and shall be required to appear and answer as in other cases. The court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce relevant to the issue. If the court should be satisfied upon the hearing that less than seventy-five per cent. of the persons owning property in the territory sought to be annexed, if such territory is unplatted ground,   *   *   *   have remonstrated and that the adding of such territory to the city will be for its interest and will cause no manifest injury to the persons owning property in the territory sought to be annexed, he shall so find and said annexation shall take place. If the court shall be satisfied that seventy-five per cent. or more of the persons owning property in the territory sought to be annexed, if such territory is unplatted ground,   *   *   *   have remonstrated, then such annexation shall not take place, unless the court shall find from the evidence that the prosperity of such city and ·territory will be materially retarded and the safety of the inhabitants and property thereof be endangered without such annexation. In case the court shall so find, the annexation shall take place, notwithstanding the remonstrances. Such decision shall be

final, and no appeal shall lie therefrom, nor shall the laws touching change of venue from the county apply. But changes of venue from the judge may be had as in other cases.   Costs shall follow judgment."

This section then provides, that the territory shall not be a part of the city pending the appeal; that the judgment of annexation shall particularly describe the ordinance; that the county clerk shall deliver a certified copy of the judgment to the city clerk; that, if annexation is denied, no further annexation proceedings shall be lawful for two years.

Now it will be observed that the matter is referred to a court having general jurisdiction, which is invoked by filing a complaint and the service of summons as in other cases.   But counsel for appellees contend that the judgment is void, because the court failed to find specially that less than seventy-five per cent. had remonstrated, and that the adding of such territory to the city would be for its interest and would cause no manifest injury to persons owning property in the territory; or, because the court failed to find specially that seventy-five per cent. had remonstrated and that the prosperity of the city and the territory would be retarded and the safety of the inhabitants and their property would be endangered.   To put it more concisely, it is contended that even though the court obtained jurisdiction by the filing of a complaint or remonstrance, and the service of summons, yet it lost jurisdiction thereafter by failing to follow the statute, the provisions of which, appellees claim, are mandatory so far as findings are concerned.

Counsel for appellees cite Freeman, Judgments (4th ed.) §123, as follows:  "The jurisdiction exercised by courts of record is, in many cases, dependent upon special statutes conferring an authority in derogation of the common law, and specifying the manner in which

such authority shall be employed. The decided preponderance of adjudged cases upon the subject establishes the rule that judgments arising from the exercise of this jurisdiction are to be regarded in no other light, and supported by no other presumptions, than judgments pronounced *in courts not of record.* The particular state of facts necessary to confer jurisdiction, will not be presumed; and if such facts do not appear, the judgment will be treated as void.   *   *   *"

A part of the above section of Freeman, Judgments (4th ed.) §123, which counsel omit, is as follows:

"The doctrine that the judgments of courts of record are of any less force, or are to be subjected to any closer scrutiny, or that they are attended with any less liberal presumptions, when created by virtue of a special or statutory authority, than when rendered in the exercise of ordinary jurisdiction, has been repudiated in some of the states; and the reasons sustaining this repudiation have been stated with such clearness and force, as to produce the conviction that the doctrine repudiated has no foundation in principle, however strongly it may be sustained by precedent. In the first place, it is shown that the discrimination between courts of record and courts not of record 'is founded upon considerations of the wisest policy, which are obvious to all. Courts of record are presided over by men of experience and learned in the law, assisted by counsel also of experience and learning, who, in the discharge of their duties to their clients, necessarily act as advisers of the court. Their proceedings are conducted with solemnity and deliberation, and in strict conformity with established modes, with which long experience has made the court and bar familiar, and above all, they are taken down and made a matter of record at or about the time they transpire. Of inferior courts, as a general rule, none of these things can be affirmed.' In the second place it

is shown, that none of those reasons upon which the discrimination between different courts rests tends to justify any discrimination between different. proceedings. conducted by the same court; that whether a court proceeds according to the 'course of the common law,' or according to some authority conferred and some course prescribed by a statute, it is, in either case, presided over by the same judge, assisted by the same counsel and officers, and conducted with the same wisdom, caution and solemnity. In either case its proceedings are equally matters of record, and equally subject to fixed and well-understood laws. And finally, it is suggested that, as no reason has been given for regarding the same tribunal with different degrees of consideration, according to circumstances which seem not to affect its claims to our confidence, therefore all its . adjudications, though arising out of the exercise of lawful jurisdiction conferred at different times, or from different but equally competent sources, should be subjected to similar rules and indulged with equal presumptions."

We are inclined to approve the latter quotation from Mr. Freeman as being the reasonable rule where special matters are referred to courts of general jurisdiction. We do not deny, however, that the legislature could have required the court to find the facts specially. But when a special statutory proceeding is referred to a court of general jurisdiction, we are less inclined to think that the legislature intended to have the facts found specially, unless there is a clear expression to that effect. When a matter is referred to a court of record having general jurisdiction, the legislative intent to deprive that court of jurisdiction because of failure to act in a particular way, ought to be very clear from the language used in the statute.

We do not believe that the legislature intended, by

the use of the words "find" and "so find" in
6. §8897 Burns 1914, *supra*, to require more than
a general finding.

When this matter is appealed to a circuit or superior
court, the learning, the intelligence, the conscience of
the judge have not departed simply because it is a spe-
cial proceeding. If they have departed, it is difficult to
see how finding the facts specially would recall them.
There is no appeal from the decision of the circuit or
superior court. If these courts, acting in this special
matter, should be so arbitrary as to annex where there
was no reason for annexation, or deny annexation where
there was every reason for it, it does not appear to us
that such a court would have any qualms of conscience
to find specially all that is required by the statute.

Counsel in their petition for rehearing picture to us
a veritable chamber of legal horrors as to the conse-
quences of our decision in the matter of taxation, and
confusion in the collection of moneys. We foresaw this
and attempted to forestall some of it by the last para-
graph in our original opinion. We are impressed by
the confusion in the situation but we are not abashed
by it. The persons interested in this judgment stood
by and acquiesced in it until about the time of the expi-
ration of its anomalous postponement. We deny any
responsibility for the consequences of this laches.

Petition for rehearing is overruled.

Myers, J., absent.