RYAN HOMES, INC., Plaintiff-Appellee,

v.

TOWN OF CUMBERLAND, INDIANA, et al., Defendants-Appellants,

City of Indianapolis, Indiana, et al., Defendants-Appellees.

No. 83–2446.

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1984.

Decided Sept. 11, 1984.

**1116**

Nelson G. Grills, Collins, Grills & Suess, Indianapolis, Ind., for defendants-appellants.

Mark Dall, City County Legal Div., John Wood, Bamberger & Feibleman, Indianapolis, Ind., for defendants-appellees.

Before BAUER and FLAUM, Circuit Judges, and WYATT, Senior District Judge.*

FLAUM, Circuit Judge.

The district court in this case held that Indiana law prohibited the town of Cumberland, Indiana, from enforcing its building code and collecting building permit fees. For the reasons stated below, we affirm.

### I.

In 1969, the Indiana legislature reorganized local government within Marion County, Indiana. Under the statute, commonly known as Uni-Gov, the city of Indianapolis became a "consolidated city" whose territory encompassed the entire county, except for the territory of "excluded cities." Excluded cities are those cities with a population over 5,000 persons. The consolidated city does include "included towns," which are those towns with a population under 5,000 persons. The town of Cumberland, Indiana, is partially in Marion County and partially in Hancock County. It has a population of approximately 4,000. Thus the part of Cumberland that is in Marion County is an included town and within the consolidated city of Indianapolis.

The general provisions of Uni-Gov restrict the power of included towns to enforce town ordinances:

> The powers of all included towns ... located in whole or in part within the boundaries of the consolidated city ... shall be unchanged by this act, except that no such town ... shall have the right to ... enforce a regulation or ordinance within the county which is in conflict with or permits a lesser standard than any ordinance of the consolidated city which is also applicable.

---

* The Honorable Inzer B. Wyatt, Senior District Judge for the Southern District of New York, is sitting by designation.

Ind.Code § 18–4–4–6, *repealed by* Acts 1980, P.L. 212, § 10(c) (current version at Ind.Code § 36–3–2–5(a)).

The Indiana home rule statute also governs the powers allowed to the consolidated city and included towns. That statute allows municipal units to exercise both all powers granted by statute and "all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute." Ind.Code § 36–1–3–4(b). The statute allows a unit to exercise its powers to the extent that such power has not been expressly granted to another entity. Ind. Code § 36–1–3–5.

State statutes establish an Administrative Building Council (ABC) with the authority to adopt rules, standards, and regulations for construction. Ind.Code § 22–11–1–1 *et seq.* The ABC has adopted a code for residences. Local regulation is expressly permitted, however, provided that the ABC code is used as a basis for the local regulations. Ind.Code § 22–11–1–19(b). The statute provides that "city ordinances may go into more detail if desired, or may contain more stringent requirements, provided the same do not conflict with any rule or order of the [ABC]...." *Id.*

Under Uni-Gov, the consolidated city of Indianapolis has the right to regulate building construction within its boundaries through inspection and permit requirements. The statute established a Division of Buildings to have and exercise all powers granted by statute or ordinance to carry out that function. However, the last paragraph of that section of the statute provides: "Nothing contained in this section shall be construed to limit or diminish any powers of any excluded city or included town under applicable law, respecting the subject matter of this section." Ind.

Code § 18–4–8–6, *repealed by* Acts 1981, P.L. 17, § 29.[1]

The consolidated city of Indianapolis regulates construction within its boundaries through the city building code.[2] It enforces the city building code by requiring persons to obtain building permits, pay fees for permits, and allow inspections of the construction. The town of Cumberland has adopted the city building code as its town building code.[3] The town also enforces the building code by requiring permits, fees, and inspections. Thus, both Indianapolis and Cumberland regulate construction within the Marion County portion of Cumberland. Any person wishing to construct buildings within the Marion County portion of Cumberland must obtain permits, inspections, and pay fees to both Indianapolis and Cumberland.

Plaintiff Ryan Homes, Inc. is the owner and developer of 181 lots located in the Marion County portion of Cumberland. At the time Ryan filed its complaint in this action, it had started construction on fifty-five lots and had obtained building permits from the consolidated city of Indianapolis at a total cost of $4,752.00. At that time, Ryan had also obtained forty-nine permits from the town of Cumberland at a total cost of $7,962.50.[4]

Ryan filed suit in district court, asserting three grounds for relief. Count I alleged that, under Indiana law, only one municipal unit could regulate construction. Ryan requested a declaration as to whether Indianapolis or Cumberland was the proper unit to require permits; it also requested an injunction against the unauthorized municipal unit and a refund of the fees collected by the unauthorized unit. Counts II and III requested relief under 42 U.S.C. § 1983.

1. Ind.Code § 18–4–8–6 has been replaced by Ind.Code § 36–1–3.5–2, which provides that jurisdiction over the Division of Buildings is transferred to the legislative body of the consolidated city after 1982.

2. The city building code is contained in Chapter 8 and General Ordinance 69 of the Code of Indianapolis.

3. The town adopted the city building code in its Ordinance No. 8, 1980.

4. In its complaint, Ryan alleged damages of approximately $20,000. The district court denied Cumberland's motion to dismiss for lack of jurisdictional amount.

The city filed a cross-claim against the town, arguing that the city was the proper entity to enforce a building code. The town filed an affirmative defense, arguing that Uni-Gov is unconstitutional as applied to the town.

The district court held that only Indianapolis, and not Cumberland, could enforce its building code. The court held that Cumberland had the power under Indiana law to enact a building code only if its code was more stringent than the city's code. The court found that the town building code duplicated the city building code, and to the extent that the town's enforcement of the code differed from the city's, the town conflicted with the city building code. Thus, the court held, the town could not enforce its building code under Indiana law, and the town must refund its permit fees to Ryan. The court struck the town's affirmative defense.

## II.

■ Indiana courts have held that in construing statutes, courts must consider the objects and purposes of the statute. *See, e.g., Holmes v. Review Board,* 451 N.E.2d 83, 87 (Ind.App.1983); *Custer v. City of South Bend,* 423 N.E.2d 712, 715 (Ind.App. 1981). The Indiana Supreme Court has declared that the purpose of Uni-Gov is "to enable the consolidation of governmental functions in densely populated jurisdictions of various county and municipal boards and departments, and to provide some semblance of centralized control over the metropolitan area." *Dortch v. Lugar,* 255 Ind. 545, 550, 266 N.E.2d 25, 30 (1971). Under Indiana law, there cannot be two municipal corporations for the same purpose with coextensive powers of government extending over the same territory. *Edwards v. Housing Authority of City of Muncie,* 215 Ind. 330, 341, 19 N.E.2d 741, 746 (1939) (court recognized rule but did not apply it because in fact only one corporation was exercising power); *State ex rel. Hunter v. Town of Hessville,* 191 Ind. 251, 255–56, 131 N.E. 46, 47 (1921); *Taylor v. City of Fort Wayne,* 47 Ind. 274, 282 (1874).

Keeping this rule and the purpose of Uni-Gov in mind, we turn to an examination of how the various statutes apply to this case.

■ The town of Cumberland has the power to enforce a building code unless such power is expressly denied to it by statute or expressly granted to another entity. Ind.Code § 36–1–3–5. No statute expressly denies it the power to enforce a building code. No statute expressly grants the city of Indianapolis the sole authority to enforce a building code. Thus, Cumberland is authorized to enforce a building code within the Marion County portion of its boundaries.

The question in this case is whether Cumberland may enforce the specific building code that it has adopted. Uni-Gov generally restricts the power of an included town such as Cumberland; the town may not enforce any regulation or ordinance "that is in conflict with or permits a lesser standard" than any applicable city ordinance. Ind.Code § 36–3–2–5(a)(1). Because Indianapolis has an applicable building code, Cumberland may only enforce its code to the extent that it does not conflict or permit a lesser standard.

The district court found that the town and city building codes were identical. This leads to two results. First, the court found that the town and city could conflict in the administration of the codes if they disagreed as to whether the requirements have been met. Because of this conflict, Cumberland may not enforce its building code.

■ Furthermore, the town may not enforce its building code because its code duplicates the city's code. Local building ordinances must use the state building code as a basis and may contain more detail or more stringent requirements. Ind.Code § 22–11–1–19. Read in connection with the general requirement that a town ordinance may not permit a lesser standard than a city ordinance, the statutes only allow the town to enforce a building code that is stricter than that of the city. This interpretation is consistent with the purpose of

the Uni-Gov statute. Furthermore, allowing the town to enforce a duplicate building code would violate the Indiana rule against two municipal corporations exercising identical power over the same territory. Thus, Ryan is entitled to a refund of all permit fees paid to the town of Cumberland for construction in the Marion County portion of Cumberland.

We have considered carefully all of the arguments raised by the town of Cumberland and find them to be without merit.

AFFIRMED.