McCoy *v.* Board, etc.

---

## McCoy *v.* Board of Trustees of the Town of Cloverdale.

[No. 4,442.   Filed June 23, 1903.]

MUNICIPAL CORPORATIONS. — *Annexation.* — *Appearance.* — *Notice.* — Where a property owner entered an appearance to a proceeding to annex territory to a town and filed a motion involving the merits of the proceeding, the appearance, notwithstanding the statement in the motion that it was special, was a general one, and amounted to a waiver of alleged defects in the notice. *p. 332.*

SAME.—*Annexation.*—*Amendment of Petition.*—No error was committed by the circuit court in an annexation proceeding in permitting an amendment of the petition to be made by omitting therefrom part of the lands originally included therein. *p. 333.*

SAME.—*Annexation.*—*Petition.*—A petition for the annexation of adjoining lands to a town alleging that the persons residing in the territory sought to be annexed have all the advantages of the town and its institutions including public school privileges, police and fire protection; that the territory sought to be annexed is contiguous to the town; that there is no public way for ingress to or egress therefrom except over and along the streets of the town, which have been improved by the town at great expense, is sufficient. *p. 333.*

SAME.—*Petition.*—*Description of Property Sought to be Annexed.*—A petition for the annexation of contiguous territory to a town is not bad for failure to contain a description of the territory sought to be annexed, where an exhibit filed with the petition contained a description of the property. *pp. 333, 334.*

SAME.—*Annexation.*—*Evidence.*—Evidence in an annexation proceeding tending to show the relation of the real estate to the town, the business relations between the town and the owner of land sought to be annexed, and the mutual benefits arising therefrom, was competent. *pp. 334, 335.*

SAME.—*Annexation.*—*Evidence.*—The motives of an individual member of the board can not affect the right of the town to annex

territory, and evidence of ill feeling of a member of the board toward the owner of property sought to be annexed was properly excluded. *p. 335.*

APPEAL AND ERROR.—*When Cause Must be Affirmed.*—Where it appears from the record that the cause was fairly tried and correctly determined upon its merits it is the duty of the Appellate Court to affirm the judgment. *p. 336.*

From Putnam Circuit Court; *P. O. Colliver,* Judge.

Annexation proceedings by the board of trustees of the town of Cloverdale, to which James H. McCoy remonstrated. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*J. P. Allee* and *T. T. Moore,* for appellant.
*J. C. Akers, J. H. James* and *S. A. Hays,* for appellee.

ROBY, J.—Appellee, by this proceeding, sought to annex a strip of adjoining unplatted land, owned by appellant. A petition was filed at the June term, 1900, of the board of commissioners of Putnam county, notice thereof being given by publication and by serving a copy upon appellant, who appeared before the board and moved to quash the notice, the affidavit of service, and the proof of publication, and also to dismiss the petition. Ten reasons were assigned as a basis for such motion. The eighth one being "that the petition is insufficient because the same does not set out and specify sufficient reasons for the annexation of said territory." The ninth and tenth reasons given both go to the sufficiency of the petition.

The motion contains a recital as follows: "Comes now James H. McCoy, and enters his special appearance herein." The appearance was, notwithstanding this statement, a general one. The motion made involved the merit of the action, and was one step in it. *McCoy v. Stockman,* 146 Ind. 668. Having appeared to the action, defects in the publication of notice do not affect appellant injuriously. The motion to dismiss being overruled, appellant filed answers in the nature of a remonstrance. Trial, finding,

and judgment in appellant's favor. Appellee appealed to the circuit court, where there was a trial by the jury, verdict for petitioners, motion for a new trial overruled, judgment on verdict, from which this appeal is taken.

In the circuit court appellee amended its petition, omitting therefrom part of the lands originally included therein. There was no error in permitting such amendment. *Wilcox* v. *City of Tipton,* 143 Ind. 241.

A demurrer to the amended petition for want of facts was overruled. The averments of the pleading show that the persons residing in the territory sought to be annexed have all the advantages of town government and its institutions, enjoying the police and fire protection and public school privileges; that the town needs additional revenue with which to maintain its schools and to provide adequate means for the prevention of fires; that the territory sought to be annexed is contiguous to the town; that there is no public way for ingress to or egress therefrom except over and along the streets of the town; that it has expended a large amount of money for crushed stone to use upon its streets, and has provided stepping stones at crossings, and that notwithstanding those who reside in said territory receive the full benefit of such improvements they did not contribute to the making, nor do they contribute to the maintenance thereof, and that the land contained in the said territory is greatly enhanced in value by reason of its proximity to the town. The statements so summarized are much elaborated in the petition. They are quite sufficient to justify the proposed annexation. One who receives the benefit of public improvements, school privileges, and police protection, ought to contribute to the necessary expenses of their maintenance. *Lake Erie, etc., R. Co.* v. *City of Alexandria,* 153 Ind. 521; *Paul* v. *Town of Walkerton,* 150 Ind. 565; *Catterlin* v. *City of Frankfort,* 87 Ind. 45.

The further objection to the petition is that it does not contain a description of the property sought to be annexed.

Referring thereto, the pleading contains an averment as follows: "That the same is fully and accurately described by metes and bounds in an amended map or plat, which is hereto attached, and made a part hereof as exhibit B, and is duly verified by affidavit." The exhibit thus referred to contains a description of the lands as stated. The statute under which the proceeding is had prescribes that the petition shall set forth the reason for such annexation. Its further provision relative to the description of the territory sought to be annexed is as follows: "And shall accompany the same with a map or plat accurately describing, by metes and bounds, the territory proposed to be attached, which shall be verified by affidavit." §4426 Burns 1901. The map or plat thus filed with the petition can not be regarded as an attempt to make an instrument not the foundation of an ordinary civil action a part of the complaint by reference thereto. The procedure directed by the statute having been followed, the petition is sufficient. The demurrer to the amended petition was, therefore, correctly overruled.

Appellant's motion for a new trial specifies sixty-three grounds therefor. The importance of the case is not sufficient to justify a detailed review of each one of them. A careful examination satisfies us that no reversible error was committed in the trial of the case.

Appellee was permitted to prove that the appellant's real estate was enhanced in value by reason of its proximity to the town; that there was a demand for platted lots adjoining the town; that appellant had talked of laying out some lots, and said he would like to have $120 to $125 for some of them; that appellant had served as school trustee for said town while living on said land; that he was street commissioner in the town; that he asked one witness, who had had land annexed, what steps he took to get in, and said that he was going in; that he claimed the full amount of his salary as trustee and treasurer of the board; that he talked about resigning therefrom; that he told another witness

that "the small plat of ground where he lives was taken in, and he was in the town"—to all of which, as testified to by various witnesses, and repeated in various forms, appellant objected and excepted. The evidence tended to show the relation of the real estate to the town, the business relations between it and the owner of the land in the territory to be annexed, and the mutual benefits arising therefrom, and was, therefore, competent. *Windfall Mfg. Co.* v. *Emery*, 142 Ind. 456.

Evidence was excluded to the effect that the town assessor "had attempted, and had in fact enforced, the taking of property for assessment, the owners of which lived outside the corporation." Appellant offered to prove various facts relative to collateral and irrelevant matters. One of them was the existence of ill feeling toward him on the part of a member of the town board. The motive of an individual member of the board can not affect the right of the town to annex territory. This class of testimony was correctly excluded.

The following record of the board of trustees was introduced in evidence: "Cloverdale, Indiana, April 30, 1880. Board of trustees met in special session. President P. M. Sandy in the chair. James H. McCoy having presented a petition asking that he be annexed to the corporation, and receive all the benefits, etc., resulting from said corporation. On motion of G. M. Hendricks that such described premises of said James H. McCoy be and is now annexed to said town." Also its record of June 9, 1893, containing, among other things, the following: "James H. McCoy was elected by the board to succeed W. K. Pritchard as school trustee of said ward." Also, its record of June 20, 1895, containing, in part, the following: "James H. McCoy presented his resignation as school trustee of the town of Cloverdale to the honorable board, and upon motion and second was accepted." This evidence tended to show the relations between the parties and was properly received.

Appellant moved to tax all costs made prior to the amendment of the petition to the petitioner. The statute is: "The party amending shall pay the costs of the leave to amend. When the trial is not delayed by reason of the amendment, no other costs shall be taxed." §397 Burns 1901. The motion was too broad. The presumption is that the action of the court in refusing to make the taxation requested was correct. *McCutchen* v. *McCutchen,* 141 Ind. 697, 700.

There does not appear to have been any prejudicial error committed against appellant. The merits of the cause seem to have been fairly tried and correctly determined. In such case it is the duty of this court to affirm the judgment. §670 Burns 1901. *Wortman* v. *Minich,* 28 Ind. App. 31.

The judgment is therefore affirmed.