HENRY J. ENSWEILER, JR. AND JAMES NEUGEBAUER *v.* CITY OF GARY ET AL.

[No. 3-374A43. Filed July 8, 1976. Rehearing denied August 11, 1976. Transfer denied November 3, 1976.]

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellants.

*Charles A. Ruckman,* Corporation Counsel, City of Gary, for appellees.

GARRARD, J.—This appeal is brought to determine whether an area in Lake County is to be annexed by the City of Gary or whether appellants (Ensweiler) may proceed with an effort to incorporate the area as a new town. The appeal is a consolidation of two cases. The first case, an action by Ensweiler and counterclaim by the city, sought a declaration of rights and injunctive relief as to whether Ensweiler was entitled to proceed to a determination of the petition for incorporation by the county commissioners or whether the city was entitled to proceed with annexation. The trial court found for the city. The second case involves Ensweiler's attempt at remonstrance to the annexation proceeding. In it, the court found that an insufficient number of property owners had remonstrated. The remonstrance was therefore dismissed.

The errors advanced are that (1) while the annexation was apparently commenced first, it was jurisdictionally defective for the failure of the city to comply with one of its own ordinances regarding zoning; and (2) the geographical description contained in the annexation ordinance is erroneous and fatally defective. We find the trial court decided these issues correctly and the judgments must be affirmed.

## I. *Prior Jurisdiction*

Putting aside for the moment the asserted errors in description, Ensweiler concedes that in the absence of his petition to incorporate, the city council would have jurisdiction to annex. The city makes a similar concession, and the record bears out both.

Confronted by a similar dispute in *Taylor* v. *City of Ft. Wayne* (1874), 47 Ind. 274, 282, our Supreme Court applied the now familiar rule for resolving such jurisdictional disputes, stating:

> ". . . [W]hen there exist two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject."

*Accord: State* v. *Town of Hessville* (1921), 191 Ind. 251, 131 N.E. 46; *Coleman* v. *Callon* (1916), 184 Ind. 204, 110 N.E. 979; *Boos* v. *State* (1911), 175 Ind. 389, 94 N.E. 401.

The rule relates to jurisdiction to make a determination. Its purpose is to avoid the conflict and confusion which would result from separate jurisdictional authorities proceeding at the same time. Furthermore, we agree with the parties that in order to be "first," a proceeding must have been validly instituted so that the authority in question has acquired jurisdiction. Stated conversely, if the city plan to annex had not proceeded to the point of invoking the jurisdiction of the authority (here, the city council), it would not preclude determination by the other authority (the county commissioners). Similarly, even if the city had attempted to invoke the jurisdiction of the city council, if its proceedings were jurisdictionally defective, the bar would not operate since the city council would not have acquired jurisdiction to determine the proceeding. *See e.g., State* v. *Village of Long Lake* (1956), 247 Minn. 264, 77 N.W.2d 46; *City of Gladewater* v. *Pelphrey* (1957), Tex. Civ. App., 309 S.W.2d 472.

In the present case, the city's annexation ordinance had been introduced and had passed two readings before Ensweiler's petition was filed with the county commissioners. Ensweiler claims, however, that the annexation proceedings were jurisdictionally defective until after his petition was filed because of the city's failure to comply with the following provision which was contained in its comprehensive zoning ordinance:[1]

> "6-503 Zoning of annexed land. Prior to the annexation of any territory to the city of Gary, a plan for zoning the area to be annexed shall be forwarded to the common council by the plan commission."

The argument cannot stand. We think the purpose of § 6-503 of the zoning ordinance is plainly to require submission of a zoning plan before the city completes final adoption of an annexation ordinance. To hold otherwise would ascribe to the city a desire to create confusion, wasted effort and needless delay in consideration of annexation matters. § 6-503 contemplates annexation proceedings initiated by property owners as well as those initiated by the city. The construction urged by Ensweiler would require the initiating party to complete all proceedings necessary to secure a zoning plan for the area before the first step toward annexation was taken by the city. It would require new proceedings if, and each time, any change was made in the area proposed to be annexed. It would seek investigation and action by the plan commission prematurely. We believe such a construction would deter, rather than promote, orderly growth of the city and the utilization of comprehensive land use controls. We therefore hold that jurisdiction of the city council was not defeated by any failure to secure a zoning plan before initiating proceedings to annex.

---

1. The annexation ordinance passed first and second reading on December 21, 1971. On January 6, 1971, Ensweiler's petition for incorporation was filed with the commissioners. On January 25, 1972, the city received the recommended zoning plan from the plan commission.

## II. Misdescription

Ensweiler also complains that the description of the area to be annexed as contained in the ordinance is so erroneous as to render it impossible to determine what area is in fact involved. The deficiencies cited relate to errors in the land sections wherein the metes and bounds description lies; a meanderline of the Little Calumet River which does not specify whether the north or south bank is involved; and the designation of a monument as U.S. Road No. 6. The error asserted in the last instance is that while the road was formerly known as U.S. Road No. 6, by the time the annexation proceedings were commenced, U.S. Highway 6 followed another route and the road in question was properly designated merely as Ridge Road.

Ensweiler's argument ignores the fact that attached to the annexation ordinance and expressly incorporated into the ordinance was a detailed map of the area showing the boundaries of the proposed annexation.[2]

It is well established that minor errors or misdescriptions in a land description in an annexation ordinance, such as those occasioned by clerical or typographical error, may be disregarded where the boundaries are evident upon a fair and reasonable construction of the ordinance without resort to parol evidence. *Woerner* v. *City of Indianapolis* (1961), 242 Ind. 253, 177 N.E.2d 34; *Willian* v. *City of Evansville* (1951), 121 Ind. App. 185, 98 N.E.2d 219. The map which was incorporated into the ordinance makes evident the boundaries. *Cf. McCoy* v. *Bd. of Trustees* (1903), 31 Ind. App. 331, 67 N.E. 1007.

There was no error.

Affirmed.

Staton, P.J., and Hoffman, J., concur.

Note.—Reported at 350 N.E.2d 658.

---

2. Nowhere is it contended that anyone was actually misled. The map clearly labels the road in question as Ridge Road.