REDMAN HOMES, INC., Appellant,

v.

James SPEER and Joan
Speer, Appellees,

v.

BILL'S MOBILE HOMES,
INC., Appellee.

No. 16A01–8607–CV–195.

Court of Appeals of Indiana,
First District.

Nov. 26, 1986.

William E. Vance, Vance & Phillips, Seymour, for appellant.

Michael L. Rogers, Rogers & Dove, North Vernon, for appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Appellant-third-party defendant, Redman Homes, Inc. (Redman), brings this interlocutory appeal from the denial of its motion for summary judgment by the Decatur Circuit Court.

We affirm.

## STATEMENT OF THE FACTS

Bill's Mobile Homes, Inc. (Bill's), a seller of mobile homes, initiated this lawsuit against James and Joan Speer (the Speers), the buyers of a mobile home, mainly because the Speers stopped payment on a check used to pay off the balance due for the mobile home. In partial response to the complaint, the Speers filed their counterclaim against Bill's alleging breach of express and implied warranties. In addition to the counterclaim, the Speers filed their amended third-party complaint against Redman, the manufacturer of the mobile home, also alleging, in part, the breach of express and implied warranties.

Redman sought to dismiss itself from this lawsuit, arguing it was an improperly impleaded third-party defendant. From the denial of its motion for summary judgment on this issue by the trial court, Redman perfected this interlocutory appeal.

## ISSUE

Whether Redman was improperly impleaded as a third-party defendant pursuant to Ind. Rules of Procedure, Trial

Rule 14, and if so, whether Redman is a proper party under the trial rules.

## DISCUSSION AND DECISION

Redman's argument here is that the Speers' third-party complaint against it is wholly unrelated to the complaint by Bill's filed against the Speers; therefore, Redman is an improper third-party defendant according to T.R. 14(A). In other words, Redman claims the Speers cannot use T.R. 14(A) to assert an independent and separate claim against a third party. However, because of the Speers' counterclaim raising the issue of warranty, the issue of Redman's warranties is also germane to this lawsuit. Ind. Rules of Procedure, Trial Rule 13(C) permits a defendant filing a counterclaim to claim relief in excess of or different in kind from that sought by the opposing party. Trial Rule 13(H) further allows "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 14, 19, and 20." Therefore, this provision provided the Speers with several avenues in which to join Redman as a party.

A defendant, under T.R. 14(A), is entitled to implead a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." The court in *City of Elkhart v. Middleton* (1976), 265 Ind. 514, 520, 356 N.E.2d 207, 211, described the typical situation in which a defendant may invoke the impleader provision of T.R. 14:

> "The essence of the rule derives from the situation in which the third-party defendant's liability to the original defendant is contingent upon that defendant being held liable to the original plaintiff, where the original plaintiff could not have brought suit directly against the third-party defendant." (Footnote omitted.)

In the case at bar, Bill's and the Speers negotiated the financing arrangement for the purchase of the mobile home, and when the Speers stopped payment on their check, this lawsuit ensued. The breach of warranties alleged by the Speers, although re-lated, are separate and distinct allegations unrelated to the financing arrangement. Redman was not acting as surety or indemnitor to the Speers in the event they do not abide by the terms of the sale, nor is Redman contingently liable. The Speers did allege that if they should be liable to Bill's for the value of the mobile home in its allegedly defective condition, then any amount due to Bill's in excess of the value of the mobile home in its defective condition should be the liability of Redman. However, this is merely an attempt to bridge two separate and distinct claims. According to T.R. 14, Redman must be liable to the Speers for all or part of the alleged breach of the terms of the sale and financing arrangement. Redman is not so situated, and impleader under T.R. 14 would be improper.

The Speers correctly note that if Redman was improperly impleaded, it should have moved for a severance of the third-party claim or for a separate trial. T.R. 14(C). This provision further permits that if a third-party defendant is properly qualified as a party under any other rule, the action shall continue. As quoted above, T.R. 13(H) permits a party filing a counterclaim to join additional parties to that counterclaim in accordance with the provisions in Rules 14, 19, or 20.

Ind. Rules of Procedure, Trial Rule 19 states that a person shall be joined as a party if in his absence, complete relief cannot be accorded among those already parties. The initial suit filed by Bill's did not involve Redman. Only after the Speers filed their counterclaim against Bill's alleging breach of warranties did the issue of Redman's warranties become implicated. By filing a counterclaim against Bill's and joining Redman as a third-party defendant, the Speers sought to join both the seller and manufacturer of the purchased mobile home, alleging the breach of express and implied warranties on the part of both. Regarding the sale of the mobile home, the alleged breach of warranties of the seller and manufacturer are related; without Redman, the manufacturer, being joined,

complete relief as to alleged breach of warranties may not be accorded as between the seller and buyer only. All parties necessary for an efficient and accurate resolution of the issues presented should be joined.

In ruling on Redman's motion for summary judgment, the trial court issued a general denial in overruling the motion. We review this decision to determine whether the trial court abused its discretion. *Middleton, supra.* Based on our analysis of the alternative rules governing this cause of action, we hold the trial court did not abuse its discretion.

Redman also argues it has been prejudiced in being compelled to defend as a third-party defendant because it has been denied the substantive rights to a change of venue and a change of judge since the issues were allegedly closed on the merits pursuant to Ind. Rules of Procedure, Trial Rule 76(2), citing *State ex rel. Yockey v.*

*Superior Court of Marion County* (1974), 261 Ind. 504, 307 N.E.2d 70. However, this case did not involve second generation defendants, and in *State ex rel. Worstell v. Porter Superior Court* (1981), 275 Ind. 598, 419 N.E.2d 127, the supreme court held second generation defendants were not limited under T.R. 76(2) as to when they could file for a change of venue. The record is void of any attempt by Redman to move for a change of venue, and any prejudice which has occurred is a result of its own inaction.

For the foregoing reasons, the decision of the trial court is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.