Daniel PIVARNIK, Edward Pivarnik, and Robert Cauffman, Appellants (Third-party defendants below),

v.

NORTHERN INDIANA PUBLIC SER-VICE COMPANY, Appellee (Defendant, Counter-plaintiff, Third-party Plaintiff below),

and

G.V.K. Corporation (Plaintiff, Counter-defendant below);

Van Keppel Supply, Gerrit Van Keppel, Andy Sytsma (Third-party Defendants below.)

No. 75S00–9311–CV–1305.

Supreme Court of Indiana.

June 29, 1994.

Glenn J. Tabor, Thomas F. Macke, Roger A. Weitgenant, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants.

Paul A. Rake, Lyle R. Hardman, Eichhorn, Eichhorn & Link, Hammond, for appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case arises out of a misunderstanding of Indiana Trial Rule 14 and third-party practice generally under the Indiana Trial Rules.[1] We write in order to aid the courts and practitioners in their efforts to understand and apply the Rules in accord with the language of the Rules themselves and with the policies that the Rules are designed to promote.

### Facts

While digging a pond in August of 1991, a bulldozer owned by G.V.K. Corporation (GVK) struck a natural gas pipeline belonging to Northern Indiana Public Service Company (NIPSCO). There was an explosion and fire that destroyed the bulldozer and

---

1. At the outset we note that there are significant differences in Indiana Trial Rules 14 and 20 from their counterparts in the Federal Rules of Civil Procedure. It is clear from these differences that in Indiana there is both a lesser regard for pleading form and a greater opportunity for *all* parties to ensure that their cases be tried in a single action than in a federal forum. The action and interaction of Indiana Trial Rule 14 with other rules—and with Trial Rule 20 in particular—may not be obvious or intuitively accessible to a legal culture in which lawyers are initially trained on the Federal Rules of Civil Procedure. Indeed, there are cases that speak of Indiana Trial Rules 14 and 20 as being consistent with or essentially identical to Rules 14 and 20 of the Federal Rules. *See City of Elkhart v. Middleton* (1976), 265 Ind. 514, 520 n. 5, 356 N.E.2d 207, 212 n. 5; *Alumax Extrusions v. Evans Transp. Co.* (1984), Ind.App., 461 N.E.2d 1165, 1168. While it is of course true that the Indiana and Federal Rules are often in many respects similar or even identical, we take this opportunity to discuss how Indiana Trial Rules 14 and 20 depart from their federal rule models and to demonstrate the effect of those departures.

injured the bulldozer's driver, Robert Cauffman.

In November of 1991 GVK, which had been hired by Daniel and Edward Pivarnik to dig the pond on land that they owned as tenants in common, sued NIPSCO in Porter Superior Court for negligently marking the location of the pipeline.

In December, NIPSCO filed a counterclaim against GVK for damage to its pipeline. It also filed a third-party complaint for damage to its pipeline against Robert Cauffman and Daniel Pivarnik. NIPSCO was apparently unaware that Edward Pivarnik owned the land as a tenant in common with Daniel Pivarnik and therefore did not include him as a third-party defendant in its complaint.

In January of 1992, on NIPSCO's motion for a change of venue and after striking, the case was transferred from Porter Superior Court to Starke Circuit Court.

In March, Cauffman filed suit in Porter Superior Court against NIPSCO for the injuries he suffered in the accident.

In May, NIPSCO answered Cauffman's complaint by filing a motion to dismiss the suit under Trial Rule 12(B)(8), saying that the same case was already pending in Starke County.

On May 28th in Porter County, Daniel and Edward Pivarnik initiated their own suit against NIPSCO for damage to their farm.

Also on May 28th but in Starke County, Daniel Pivarnik appeared by counsel and filed a motion to strike NIPSCO's third-party complaint for improper joinder under Trial Rule 14. He also filed under protest an answer to NIPSCO's third-party complaint and included with his answer certain designated compulsory counter-claims.

On July 1st in Starke County, Cauffman filed a motion to dismiss NIPSCO's third-party complaint for improper joinder under Trial Rule 14.

On August 5th in Starke County, NIPSCO sought to amend its pleadings. It sought both to redesignate the claims in its original third-party complaint against Daniel Pivarnik and Cauffman as counter-claims under Trial Rule 13(H)[2] and to add Edward Pivarnik as a third-party defendant in its original third-party complaint.

On August 15th in Porter County, NIPSCO answered the Pivarniks' complaint of May 28th by claiming as an affirmative defense that the same case was already pending in Starke County and that Trial Rule 12(B)(8) precluded the Pivarniks from bring their action in Porter County.

In September, the Pivarniks moved to dismiss NIPSCO's third-party complaint in Starke County "for lack of subject matter jurisdiction" because NIPSCO had improperly impleaded them under Trial Rule 14.

In December, Cauffman again moved to dismiss as improper NIPSCO's Trial Rule 14 third-party complaint against him in the Starke County action.

In April of 1993 the Starke County trial court found that it had both subject matter jurisdiction and personal jurisdiction over the parties (R. 315–16). It also found that both Pivarniks and Cauffman were necessary parties under Trial Rule 19. It consequently entered the following order:

> IT IS THEREFORE ORDERED that the motion to dismiss of Robert Cauffman is overruled; the motion of Northern Indiana to amend its pleadings is granted and Edward Pivarnik is added as a party to these proceedings; the motion of Daniel and Edward Pivarnik to strike [Northern Indiana's] third-party complaint is granted only insofar as the claims of Northern Indiana shall be designated as counter-claims rather than third-party claims.

(R. 316.)

*Issues*

On appeal, we now decide on the merits the issues raised by Appellants. We state those issues as

   I.   Whether Starke Circuit Court acquired exclusive jurisdiction over Appel-

---

**2.** Trial Rule 13(H) provides: "Persons other than those made parties to the original action may be made parties to a counter-claim or cross-claim in accordance with the provisions of Rules 14, 19, and 20." Ind.Trial Rule 13(H).

lants' case before Appellants filed their separate actions in Porter Superior Court.

II. Whether Edward Pivarnik is a necessary party under Trial Rule 19.

### I.

Appellants would have their cases against NIPSCO tried separately in Porter County while GVK pursues its action against NIPSCO in Starke County; NIPSCO would have the Appellants' pending Porter County actions tried together with GVK's action against NIPSCO in Starke County. Appellants claim that they were improperly included in NIPSCO's original third-party complaint in the Starke County action, that they therefore should have been dismissed from the Starke County action, and because they should have been dismissed from the Starke County action, their actions are properly within the exclusive jurisdiction of the Porter Superior Court where they were filed. NIPSCO claims that Appellants were already proper parties in the Starke County action before they had commenced their actions in Porter County, and that dismissal of the Porter County actions is therefore required in response to its motion to dismiss under Trial Rule 12(B)(8).

#### A. Are the Porter County and Starke County actions the same?

Trial Rule 12(B)(8) provides a defense to an action if "[t]he same action [is] pending in another state court of this state." Ind.Trial Rule 12(B)(8). If Appellants are correct that the Porter Superior Court properly has jurisdiction of their actions against NIPSCO and they are required to pursue the Starke County action nonetheless, they will have been required to pursue an action the results of which might be voidable.[3] *Harp v. Indiana Dep't of Highways* (1992), Ind.App., 585 N.E.2d 652, 659. Conversely, if NIPSCO is correct that the Starke Circuit Court first acquired jurisdiction over the case, judg-

ments against NIPSCO in Porter County would be voidable,[4] *Id.*, and NIPSCO will have been pointlessly compelled to defend the two Porter County actions.

■ First we must decide if Appellants' actions in Porter County are the "same case" as the action in Starke County within the meaning of Trial Rule 12(B)(8). Two cases are the same if the parties, subject matter, and remedies sought are substantially the same in both suits. *State ex rel. International Harvester Co. v. Allen Cir. Ct.* (1976), 265 Ind. 175, 178, 352 N.E.2d 487, 489; *Indiana & Michigan Elec. Co. v. Terre Haute Indus.* (1984), Ind.App., 467 N.E.2d 37, 40; *Thrasher v. Van Buren Township of Monroe County* (1979), 182 Ind.App. 121, 128, 394 N.E.2d 215, 219.

■ In Porter County, Cauffman has sued NIPSCO for its alleged negligence in marking its pipeline and is seeking damages for his personal injuries proximately caused by that alleged negligence. Daniel and Edward Pivarnik have sued NIPSCO in Porter County for negligently marking its pipeline and are seeking damages for injury to their property.

In Starke County, NIPSCO has claimed that Cauffman was negligent in his operation of the bulldozer while digging the pond, and it is seeking damages from Cauffman for injury to its pipeline. NIPSCO has also claimed in the Starke County action that Daniel and Edward Pivarnik trespassed on its easement and right of way for the pipeline and that they failed to provide notice of an intent to excavate as required by statute. Presumably NIPSCO would raise the same claims in Porter County if it should be required to defend Appellants' Porter County actions.

It is apparent that no party to the Porter County actions would not also be a party in Starke County should the Starke County action be permitted to continue. The parties in

---

3. Appellants may have waived their own defense under Trial Rule 12(B)(8) in Starke County by failing to raise it together with their motions to dismiss NIPSCO's third-party complaint in September and December, 1992. Ind.Trial Rules 12(G); Ind.Trial Rule 12(H)(1)(a).

4. NIPSCO moved to dismiss Appellants two Porter County actions under Trial Rule 12(B)(8) at its first opportunity.

the two arenas are therefore the same. It is also apparent that the subject matter of the Porter and Starke County actions are the same since every claim involves a factual determination of who is liable for the rupture of NIPSCO's pipeline. All parties are seeking money damages for their various injuries that resulted from the pipeline rupture. Therefore the remedies sought are the same. Because the parties, the subject matter, and the remedies sought are substantially the same in the Porter County actions and in the Starke County action, the cases are the same within the meaning of Trial Rule 12(B)(8).

### B. When is a case pending in a court?

When two or more courts have concurrent jurisdiction over the same case, "the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise." *International Harvester*, 265 Ind. at 177, 352 N.E.2d at 489. Although in *International Harvester* we issued an original writ of prohibition against a trial court, the problem there was identical to the problem arising from a motion to dismiss under Trial Rule 12(B)(8). *See Thrasher*, 182 Ind.App. at 127 n. 3, 394 N.E.2d at 222 n. 3; 1 William F. Harvey, *Indiana Practice* § 12.14, at 612 (1987). Once a court has acquired exclusive jurisdiction over a case, the case is pending in that court within the meaning of Trial Rule 12(B)(8).

The rule in Indiana is that jurisdiction over a case becomes exclusive in the court in which the case is first instituted. *Taylor v. City of Fort Wayne* (1874), 47 Ind. 274, 282; *Ensweiler v. City of Gary* (1976), 169 Ind.App. 642, 644, 350 N.E.2d 658, 659. In order to be "first," an action must be validly instituted. *Id.*

An action is first instituted or commenced when a complaint or other pleading or document contemplated in Trial Rule 3 is filed in a court. Ind.Trial Rule 3; *State ex rel. Long v. Marion Super. Ct. Civil Div.* (1981), 275 Ind. 533, 418 N.E.2d 218, 219. It is, then, the filing of the complaint or other document contemplated in Trial Rule 3 that determines the moment at which a court acquires exclusive jurisdiction over a case. *Id.* As we said

in *Long,* "When there are courts having concurrent jurisdiction, it is inevitable that there will sometimes be 'races to the courthouse' by the would-be litigants. The Clerk's Office is a logical 'finish line,' as termination at that point will, in many cases, avert useless proceedings." *Id.*, 418 N.E.2d at 220.

### C. Did Starke Circuit Court or Porter Superior Court first acquire exclusive jurisdiction over this case?

In order to determine who has won the race here, we must preliminarily address whether NIPSCO's August 1992 motion to amend its third-party complaint to add Edward Pivarnik as a party in Starke County, which the trial court granted, relates back to NIPSCO's original filing of the third-party complaint against Daniel Pivarnik and Robert Cauffman in December of 1991. We then must decide whether the Appellants were proper third-party defendants in Starke County under Trial Rule 14. If Appellants were proper third-party defendants under Trial Rule 14, our inquiry will be over because NIPSCO validly instituted its action against Appellants and the Starke Circuit Court acquired exclusive jurisdiction of the case when NIPSCO filed its third-party complaint. If Appellants were not proper third-party defendants, we shall have to address what happens when parties are improperly impleaded under Trial Rule 14.

1. Did NIPSCO's motion to amend its pleadings to add Edward Pivarnik as a third-party defendant relate back to its original third-party complaint?

In August of 1992, NIPSCO moved under Trial Rule 15(A) to amend its original third-party complaint to add Edward Pivarnik as an additional third-party defendant. The trial court granted the motion. We must decide whether that amendment relates back to the date on which NIPSCO filed its original third-party complaint against Daniel Pivarnik and Robert Cauffman in December of 1991. Trial Rule 15(C) governs the relation back of amendments to pleadings and provides in part:

(C) Whenever the claim or defense asserted in the amended pleading arose out of

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

T.R. 15(C).

The critical question in determining whether an amendment adding a party relates back usually concerns whether a statute of limitations has run and whether, therefore, the party to be added will be forced to defend an action otherwise barred. *See* 2 Harvey § 15.9, at 60. What effect Trial Rule 15(C) has when the issue is jurisdiction over a case appears to be a question of first impression in Indiana.

▪ NIPSCO's amendment made the same claims regarding the same occurrence against Edward Pivarnik as its original third-party complaint had made against Daniel Pivarnik. NIPSCO's amendment, therefore, meets the requirement that in order to relate back, an amendment to change a party must assert a claim arising out of the same occurrence set forth in the original pleading. T.R. 15(C).

Edward Pivarnik was served on August 29, 1992 with a summons issued from the Starke Circuit Court. The limitations period for the trespass and injury to property that NIPSCO complains of against Edward Pivarnik is six years. Ind.Code. § 34–1–2–1 (1993); *Scates v. State, Indiana Highway Comm'n* (1978), 178 Ind.App. 624, 625, 383 N.E.2d 491, 492. NIPSCO's pipeline was ruptured in August 1991. Edward Pivarnik therefore had actual notice of the action against him by NIPSCO within the limitations period. Ind.Trial Rule 15(C)(1). And while Edward Pivarnik may have been prejudiced in his choice of forum, his receipt of notice in August has not prejudiced his defense on the merits. *Id.*

Finally, when he was served within the limitations period, Edward Pivarnik learned not only that the action would have been brought against him, but that it had been brought against him. Ind.Trial Rule 15(C)(2).

We conclude that NIPSCO's amendment of its third-party complaint meets the conditions of Trial Rule 15(C) governing the relation back of amendments to pleadings. Because NIPSCO's addition of Edward Pivarnik relates back to the date of NIPSCO's original pleading, Edward Pivarnik's position in this case is the same as that of Appellants Daniel Pivarnik and Robert Cauffman, the third-party defendants originally named by NIPSCO.

2. Were Appellants improperly impleaded by NIPSCO as third-party defendants under Trial Rule 14?

We agree with the Appellants that as an original matter they were improperly impleaded under Trial Rule 14. Trial Rule 14 permits a defendant to implead a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." T.R. 14(A). We have said of Trial Rule 14 that:

The essence of the rule derives from the situation in which the third-party defendant's liability to the original defendant is contingent upon that defendant being held liable to the original plaintiff, where the original plaintiff could not have brought suit directly against the third-party defendants.

*City of Elkhart v. Middleton* (1976), 265 Ind. 514, 520, 356 N.E.2d 207, 212.

▪ NIPSCO's claims against Appellants are in no way dependent upon NIPSCO being held liable to GVK. Cauffman's potential liability arises out of his alleged negligent operation of the bulldozer that ruptured NIPSCO's pipeline. The Pivarniks' potential

liability to NIPSCO depends upon whether they trespassed on NIPSCO's easement and whether they provided NIPSCO with the statutorily required notice of intent to excavate. All of the Appellants were therefore improperly impleaded by NIPSCO under Trial Rule 14.

3. Does a trial court have subject matter jurisdiction over a case after a party has improperly sought to implead another party?

Appellants argue that because NIPSCO's Rule 14 third-party complaint against them in Starke County was improper, the Starke Circuit Court lacks subject matter jurisdiction in this case. This argument is incorrect. There are three kinds of jurisdiction: subject matter jurisdiction, personal jurisdiction, and jurisdiction over a particular case. *Mishler v. County of Elkhart* (1989), Ind., 544 N.E.2d 149, 152–53; *In re Chapman* (1984), Ind.App., 466 N.E.2d 777, 779. We have said about subject matter jurisdiction that

> it refers only to the power of a court to hear and decide a particular class of cases. The only relevant inquiry in determining whether any court has has subject matter jurisdiction is to ask whether the kind of claim which the plaintiff advances falls within the general scope of the authority conferred upon such court by the constitution or by statute. *Brown v. State* (1941), 219 Ind. 251, 37 N.E.2d 73.

*State ex rel. Young v. Noble Cir. Ct.* (1975), 263 Ind. 353, 356, 332 N.E.2d 99, 101. *See also Indiana Util. Regulatory Comm'n v. Gary Joint Venture* (1993), Ind.App., 609 N.E.2d 7, 9. Indiana Code § 33–4–4–3 confers on circuit courts "original jurisdiction in *all civil cases* ... except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction." Ind.Code § 33–4–4–3 (1993) (emphasis added). That is, circuit courts have subject matter jurisdiction without reference to any particular parties or how they may have articulated their claims. *P.S. by Harbin v. W.S.* (1983), Ind., 452 N.E.2d 969, 976. Subject matter jurisdiction concerns the power of a court to decide particular *kinds* of cases and

depends neither on the "the intricacies of pleading," *Young,* 263 Ind. at 356–57, 332 N.E.2d at 101, nor on the correctness of any decision made by a court. *State ex. rel. Hight v. Marion Super. Ct.* (1989), Ind., 547 N.E.2d 267, 269; *In re Adoption of H.S.* (1985), Ind.App., 483 N.E.2d 777, 780. The Starke Circuit Court's jurisdiction over the subject matter involved in this case does not depend, then, on the correctness *vel non* either of NIPSCO's decision to file a third-party complaint against Appellants or of its own decisions concerning the pleadings in the case.

4. Should the Starke Circuit Court have denied Appellants' motions to strike NIPSCO's third-party complaint although Appellants were not proper third-party defendants?

In *City of Elkhart v. Middleton* we said that the use of impleader under Trial Rule 14, as under Trial Rule 20, which governs permissive joinder, is within a trial court's sound discretion. 265 Ind. at 518, 356 N.E.2d at 210. But we also limited that discretion to the terms of Trial Rule 14 itself:

> "[C]ourts which rely on their discretion in testing whether the third-party claim is of the type contemplated by rule 14 exercise their discretion beyond the bounds of the rule which gives them that power. Rule 14 expressly limits the type of third-party claims permitted, and the courts have no power to redetermine these limitations. The question whether a claim is within the rule is one of interpretation, not of discretion."

The purpose of Trial Rule 14 is to permit common questions of fact to be determined in one litigation in order to avoid delay between one judgment against a party in one action and a judgment for him in a separate action, and to militate against the possibility of inconsistent results. *Id.* at 519–20, 356 N.E.2d at 211 (quoting 2 Harvey 17).

We confront here the converse of the problem we faced in *Middleton.* In *Middleton* the trial court denied a motion to implead a third-party defendant when the terms of the rule demanded it in the absence of the likeli-

hood of confusion or prejudice to the parties sought to be joined. In this case, joinder under Trial Rule 14(A) would clearly be improper. This is important because if NIPSCO's December 1991 third-party complaint against Appellants was improper and should have been dismissed, there would have been no third-party complaint for NIPSCO to seek to amend in August of 1992. With no third-party complaint to amend, NIPSCO would have effectively instituted its action against Appellants in Starke County when it filed its motion to amend on August 5th. By August 5th, Cauffman had already filed his complaint against NIPSCO in Porter County in March; the Pivarniks had filed against NIPSCO· in Porter County in May. Thus, if the Starke Circuit Court should have dismissed NIPSCO's third-party complaint against Appellants, the Porter Superior Court will have exclusive jurisdiction over Appellants' cases.

■ We now hold that not only did the Starke Circuit Court properly deny Appellants' motions to dismiss NIPSCO's third-party complaint, but that under Trial Rules 14(C) and 20(A)(2) it had no discretion to dismiss NIPSCO's third-party complaint.

When a party has been improperly impleaded, Trial Rule 14(C) provides that remedy is to be had by a motion to sever the third-party claim or a motion for a separate trial. Ind.Trial Rule 14(C); *Claxton v. Hutton* (1993), Ind.App., 615 N.E.2d 471, 476; *Redman Homes v. Speer* (1986), Ind.App., 500 N.E.2d 259, 260.[5] But Trial Rule 14(C) also provides that "[i]f the third-party defendant is a proper party to the proceedings under any other rule relating to parties, the action *shall* continue as in other cases where he is made a party." T.R. 14(C) (emphasis added). This provision, of which there is no equivalent in the Federal Rules, is mandatory. Compare Fed.R.Civ.P. 14. When a party seeks to be dismissed for improper joinder

under Rule 14, a trial court must examine "any other rule relating to parties." If the trial court determines that the party seeking dismissal is a proper party under any other rule, the trial court has no discretion to dismiss that party since "the action *shall* continue as in other cases where he is made a party."[6]

An examination of Trial Rule 20 reveals that Appellants are proper parties to the Starke County action under Trial Rule 20 and are, consequently, proper parties under Trial Rule 14(C). Trial Rule 20 provides in part:

(A) Permissive joinder.

(1) All persons may join in one [1] action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

(2) All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Unwilling plaintiffs who could join under this rule may be joined by a plaintiff as defendants, and *the defendant may make any persons who could be joined under*

---

5. Compare Trial Rule 21, which provides in part: Misjoinder of parties is not ground for dismissal of an action.... Subject to its sound discretion and on motion of any party or of its own initiative, the court may order parties dropped or added at any stage of the action and on such terms as are just and will avoid delay.
   Ind.Trial Rule 21.

6. This is quite different from the effect of misjoinder or non-joinder under rules other than Rule 14, where under Trial Rule 21 the trial court has discretion to drop or add parties. *See supra* note 5. Of course, even where a party must be joined under Trial Rule 14(C), a party may move for a separate trial under Trial Rule 14(C), and the trial court may still order separate trials on its own motion under Trial Rule 42(B).

*this rule parties* by alleging their interest therein with a prayer that their rights in the controversy be determined, along with any counterclaim or cross-claim against them, if any, as if they had been originally joined as parties.

T.R. 20(A) (emphasis added). The last sentence of Trial Rule 20(A) has no federal equivalent. Compare Fed.R.Civ.P. 20.[7] In Indiana, "[u]nder Rule 20 the defendant may cause any parties defendant or plaintiff to be joined if the plaintiff could have done so." Civil Code Study Commission Comments in 2 Harvey 247. By virtue of Indiana's Trial Rule 20, then, there is no need for a defendant in one action to wait to be sued separately by a plaintiff not a party to that action and to defend in the forum of that absent plaintiff's choice. As long as the action of the absent plaintiff would arise out of the same occurrence as is involved in the first action, T.R. 20(A)(1) and (2), and as long as some common question of law or fact would arise in the action, *id.*, a defendant may join that plaintiff in the first action and avoid having to relitigate the issues again and elsewhere. T.R. 20(A)(2) (last sentence).

There is no question in the case before us that the Pivarniks and Cauffman could have joined with GVK as plaintiffs in this lawsuit against NIPSCO. Their claims against NIPSCO arise out of the same occurrence as those of GVK, and common questions of both law and fact would have arisen had they joined with GVK. T.R. 20(A)(1). Because the Pivarniks and Cauffman could have joined as plaintiffs with GVK under Trial Rule 20(A)(1), GVK could itself have joined the Pivarniks and Cauffman as unwilling plaintiffs. T.R. 20(A)(2). The Pivarniks and Cauffman could, therefore, have been joined under Trial Rule 20, and defendant NIPSCO consequently had a right under the rule to seek joinder of the Pivarniks and Cauffman by alleging the Pivarniks' and Cauffman's

interest in the lawsuit and by asking that the court determine that interest. T.R. 20(A)(2).

Because Appellants were proper parties under Trial Rule 20, it should have been apparent to all *from the outset* that by its Rule 14 third-party complaint against Cauffman and Daniel Pivarnik, NIPSCO validly instituted its action against them in Starke County *regardless* of whether they were proper third-party defendants. Consequently, Appellants have been proper parties to the Starke County action from the time NIPSCO filed its third-party complaint in December of 1991, and NIPSCO's motions under Trial Rule 12(B)(8) to dismiss Appellants separate actions against it in Porter County should be granted because the same case was already pending in Starke Circuit Court when NIPSCO filed those motions.

## II.

The trial court found that

> Northern Indiana is potentially subject to inconsistent allocations of fault among alleged joint tort-feasors in a fashion which compels the joinder of and adjudication of the rights of all the named parties in one forum.

Order, paragraph 10 (R. 321). Although the order is ambiguous, the trial court appears to have joined all of the Appellants as necessary parties under Trial Rule 19. But because Trial Rule 14(C) requires that the case shall continue if parties improperly impleaded are proper parties under any other rule, and because Appellants are proper parties under Trial Rule 20, we need not decide whether Appellants are necessary parties under Trial Rule 19. As we have already said, Appellants have been parties to the Starke County action from the time NIPSCO filed its original third-party complaint.[8]

---

7. *See also Euler v. Seymour Nat'l Bank* (1988), Ind.App., 519 N.E.2d 1242, 1245 (Sullivan, J., dissenting).

8. We do note that although the Pivarniks and Cauffman may be joint tortfeasors with GVK against NIPSCO, that alone is insufficient to make them indispensable parties under Trial

Rule 19. *Gibson v. Miami Valley Milk Producers* (1973), 157 Ind.App. 218, 232, 299 N.E.2d 631, 639, *trans. denied;* Civil Code Study Commission Comments in 2 Harvey 213. *See also Temple v. Synthes Corp.,* 498 U.S. 5, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (per curiam).

*Conclusion*

Accordingly, we now affirm the decision of the Starke Circuit Court to join Appellants as plaintiffs and order the Porter Superior Court to dismiss the related actions now pending before it.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., is not participating.