**IRMSCHER SUPPLIERS, INC.,**
**Appellant–Defendant,**

v.

**CAPITAL CROSSING BANK,**
**Appellee–Plaintiff.**

**No. 02A05–0712–CV–686.**

Court of Appeals of Indiana.

May 23, 2008.

R. John Wray, Wray Law Office, Fort Wayne, IN, Attorney for Appellant.

Timothy L. Claxton., Jeremy J. Grogg, Burt, Blee, Dixon, Sutton & Bloom, LLP, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Irmscher Suppliers, Inc. ("Irmscher"), appeals the trial court's final judgment of foreclosure in favor of Capital Crossing Bank ("Capital Crossing"). We affirm.

### Issues

We restate the issues as follows:

I.    Whether Irmscher has preserved any claim of error regarding the litigation of the same action in two Indiana courts; and

II.    Whether the trial court erred in finding that Irmscher did not have an interest in the real estate at issue.

### Facts and Procedural History

On December 21, 2006, under cause number 02D01–0612–MF–356, Irmscher filed in Allen Superior Court a complaint to foreclose a mechanics lien it had filed on certain real estate in Allen County, commonly known as 9071–9079 Stellhorn Crossing Boulevard, Fort Wayne, Indiana. According to its complaint, Irmscher had filed its lien in the Allen County recorder's office on September 25, 2006, "within sixty days of providing materials and labor for improvement of the Real Estate[.]" Appellant's App. at 71. Irmscher named Capital Crossing's predecessor in interest, Fifth Third Bank, as a defendant to answer as to its interest in the real estate by virtue of a mortgage that was recorded on March 6, 2006. Irmscher alleged that its mechanics lien was "superior to any and all advances made by said Fifth Third Bank." *Id.* at 72.[1]

On January 5, 2007, under cause number 02C01–0701–PL–1, Capital Crossing filed in Allen Circuit Court ("the trial court") a complaint to foreclose a mortgage on real estate described as Lot 2 Stellhorn Crossing Office Park. According to Capital Crossing's complaint, its mortgage was recorded in the Allen County recorder's office on March 6, 2006. On January 18, 2007, Capital Crossing filed an amended complaint adding Irmscher as a defendant to answer as to its interest in the real estate by virtue of its mechanics lien, which Capital Crossing alleged was "subject and subordinate to" its mortgage. Appellee's App. at 8.

On February 20, 2007, Irmscher's counsel filed an appearance with the trial court and a motion to consolidate the two causes, which reads in pertinent part as follows:

1.    The above captioned matter and Count VII of the previously filed Allen Superior Court case involve the same real estate and factual situation.

2.    Count VII of the Allen Superior Court case was filed first.

. . . .

4.    A consolidation will serve judicial economy and prevent the entry of incon-

---

1.  For simplicity's sake, we refer to Fifth Third Bank as Capital Crossing from this point forward.

sistent rulings with regard to the real estate and common parties involved.

WHEREFORE, [Irmscher], by counsel, respectfully prays that this Court consolidate the above captioned matter with the previously filed Allen Superior Court case ... and for all other relief necessary and proper.

Appellant's App. at 68. The trial court took Irmscher's motion to consolidate under advisement and ultimately denied it on April 12, 2007. Irmscher never filed an answer or any other pleading in response to Capital Crossing's amended complaint.

On June 6, 2007, Capital Crossing filed a motion for summary judgment against the defendants in this action, a supporting memorandum, and designated evidence. In its memorandum, Capital Crossing stated that it was "seeking judgment on the issue that its mortgage lien is a first lien on the subject real estate, superior to any interest that the Defendants may have in the real estate." *Id.* at 85.

On June 28, 2007, Irmscher filed an opposing memorandum and designated evidence. Irmscher's memorandum reads in pertinent part as follows:

[Capital Crossing] filed [its complaint in the trial court] *after* it had already been made a party to an action pending in the Allen Superior Court.... The Allen Superior Court action involves the same parties and the same identical real estate and is being actively decided by Judge David Avery. There is a question of this court's jurisdiction.

*Id.* at 113.

On August 17, 2007, the trial court held a hearing on Capital Crossing's summary judgment motion, at which Irmscher's counsel failed to appear. At the conclusion of the hearing, the trial court entered summary judgment in favor of Capital Crossing. On September 11, 2007, the trial court entered a final judgment of foreclosure and decree of sale, in which it found that Irmscher had no interest in the subject property. *Id.* at 50. This appeal ensued.

### Discussion and Decision

### I. Litigation of Same Action in Two Indiana Courts

■ Initially, Irmscher contends that because it was first to file its foreclosure complaint, Judge Avery in Allen Superior Court had "exclusive jurisdiction over the foreclosure of all liens on the real estate commonly known as 9071–9079 Stellhorn Crossing Blvd." and that "[t]he trial court should have deferred to his exclusive authority." Appellant's Br. at 4, 5.

Over a decade ago, our supreme court stated, "The rule in Indiana is that jurisdiction over a case becomes exclusive in the court in which the case is first instituted." *Pivarnik v. NIPSC,* 636 N.E.2d 131, 135 (Ind.1994). "An action is first instituted or commenced when a complaint or other pleading or document contemplated in Trial Rule 3 is filed in a court." *Id.* As such, the filing of the complaint "determines the moment at which a court acquires exclusive jurisdiction over a case." *Id.* "When two or more courts have concurrent jurisdiction over the same case, the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise." *Id.* (citation and quotation marks omitted). "Two cases are the same if the parties, subject matter, and remedies sought are substantially the same in both suits." *Id.* at 134.

In another case decided that same year, Chief Justice Shepard stated that "[c]ourts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency." *State ex rel. Meade v. Mar-*

*shall Superior Court II,* 644 N.E.2d 87, 88–89 (Ind.1994).

> This principle is implemented by [Indiana Trial Rule 12(B)(8) ], which allows a party to move for dismissal on the grounds that the same action is pending in another Indiana court. This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same.

*Id.* at 89.

■ At this point, we observe that the parties in this case do not dispute that the actions in the Allen Superior Court and the trial court are the "same action" for purposes of Trial Rule 12(B)(8). We further observe that "comity is not a mandatory rule of law, but is a rule of practice, convenience, and courtesy." *George S. May Int'l Co. v. King,* 629 N.E.2d 257, 260 (Ind.Ct.App.1994), *trans. denied.* Moreover, we note that in a recent case, our supreme court abolished the concept of "jurisdiction over a particular case" mentioned in *Pivarnik:*

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
>
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

*K.S. v. State,* 849 N.E.2d 538, 540 (Ind. 2006). Finally, we note that Indiana Trial Rule 12(H)(1)(b) has long provided that "[a] defense of ... the same action pending in another state court of this state is waived to the extent constitutionally permissible ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

■ For purposes of this case, we interpret the foregoing to mean that the mere fact that the same action is being prosecuted simultaneously in two Indiana courts does not implicate jurisdictional concerns. As such, a party involved in the same action in two Indiana courts must file either a motion to dismiss one of those actions pursuant to Trial Rule 12(B)(8) or a responsive pleading asserting the defense to avoid waiving any claim of legal error in that regard.[2]

---

2. We note that "jurisdiction over a particular case" was also mentioned in *Centex Home Equity Corp. v. Robinson,* in which another panel of this Court quoted Trial Rule 12(H)(1)(b) and stated,

> It is questionable whether a trial court's lack of jurisdiction over a case because the same action is pending in another state trial court could be validly waived such that two state trial courts could simultaneously entertain the same case. Our Supreme Court suggested in *Pivarnik* that such waiver may be appropriate. 636 N.E.2d at 134 n. 3 (questioning, but not deciding, whether certain parties "may have waived their own defense under Trial Rule 12(B)(8) ... by failing to raise it together with their motions to dismiss....."). In addition, this court addressed a party's argument that a Trial Rule 12(B)(8) objection had been waived for lack of specificity, without questioning the potential implication of such waiver, in *Grand Trunk Western R. Co. v. Kapitan,* 698 N.E.2d 363, 365–66 (Ind.Ct. App.1998). Waivability of the issue, however, would appear to contravene the very purpose of the rule, which is "to prevent two courts from concurrently entertaining

Here, Irmscher never claimed that the trial court had no power to hear and determine foreclosure cases or that it did not effect appropriate process over the parties. In other words, Irmscher never challenged the trial court's subject matter and personal jurisdiction.[3] Likewise, Irmscher never filed either a motion to dismiss pursuant to Trial Rule 12(B)(8) or a responsive pleading asserting a defense to that effect as required by Trial Rule 12(H)(1)(b). Accordingly, we conclude that Irmscher has waived any claim of legal error in Capital Crossing's prosecution of this foreclosure action in the trial court.[4]

## II. Trial Court's Finding Regarding Irmscher's Interest in Real Estate

Irmscher also contends that the trial court erred in finding that it had no interest in the real estate at issue. Indiana Trial Rule 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading." As mentioned *supra*, Capital Crossing alleged in its amended complaint that its mortgage was superior to Irmscher's mechanics lien. Irmscher did not file an answer to Capital Crossing's amended complaint and therefore admitted, at the very least, to the superiority of Capital Crossing's mortgage. *See Erdman v. White*, 411 N.E.2d 653, 658 (Ind.Ct.App. 1980) (concluding that defendant admitted allegations in plaintiff's complaint where answer was stricken as untimely), *trans. denied.*

In another foreclosure case, *Centex Home Equity Corp. v. Robinson*, a different panel of this Court noted that

[a]s a general rule, a party's default is only conclusive as to those matters that are properly averred in the complaint. *Barton v. Anderson*, 104 Ind. 578, 4 N.E. 420, 422 (1886). As our Supreme Court explained in *Barton*, however, this rule has a particular application in cases like this:

As applicable, however, to a suit to foreclose a mortgage, and other kindred suits in the nature of a proceeding in rem, where a party is made a

---

the same case." *Crawfordsville Apartment Co. v. Key Trust Co.*, 692 N.E.2d 478, 480 (Ind.Ct.App.1998). And in a case such as this, waiver of the issue of the second court's jurisdiction would defeat the general rule that all claims held against a property should be adjusted in a single action. 776 N.E.2d 935, 946 (Ind.Ct.App.2002), *trans. denied* (2003). The *Centex* court, however, determined that it "need not decide the question today." *Id.* In light of our supreme court's analysis in *K.S.*, we conclude that any error in the simultaneous prosecution of the same action in two Indiana courts is legal, not jurisdictional, and therefore may be waived pursuant to Trial Rule 12(H)(1)(b). *Cf. State ex rel. Am. Fletcher Nat'l Bank & Trust Co. v. Daugherty*, 258 Ind. 632, 635, 283 N.E.2d 526, 528 (1972) ("It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of

equal competence until the case is determined. The court first acquiring jurisdiction holds the res in *custodia legis*, so long as it is empowered to administer complete justice.") (citations omitted).

3. Indiana Code Section 33–33–2–20 provides that the Allen Circuit Court has "the same jurisdiction[,]" i.e., subject matter jurisdiction, as the Allen Superior Court, except in non-paternity juvenile proceedings.

4. We note that Irmscher did not move for the dismissal of Capital Crossing's amended complaint or mention Trial Rule 12(B)(8) in either its motion to consolidate or its memorandum opposing Capital Crossing's summary judgment motion. We further note that a motion to consolidate actions that are pending in different courts "may only be filed in the court having jurisdiction of the action with the earliest filing date[.]" Ind. Trial Rule 42(D).

defendant to answer as to his supposed or possible, but unknown or undefined, interest in the property, we think that, as against him, a default ought to be construed as an admission that, at the time he failed to appear as required, he had no interest in the property in question, and hence as conclusive of any prior claim of interest or title adverse to the plaintiff. Any less rigid rule of construction might, and in many cases doubtless would, defeat the very object properly had in view in making the party a defendant to answer as to his supposed or possible interest in the property involved, to the end that all claims to or against such property might be adjusted by the final judgment or decree, and further litigation thereby avoided.

104 Ind. 578, 4 N.E. 420, at 422. We think that under modern rules of notice pleading, Centex's allegations placed the validity, priority, and amount of FT Mortgage's lien in issue, and were sufficient to require FT Mortgage to answer to whatever interest it had in the property. Having failed to do so, its lien was extinguished.

776 N.E.2d 935, 948 (Ind.Ct.App.2002), *trans. denied* (2003).

In this case, although Irmscher's counsel entered an appearance, Irmscher failed to file an answer asserting whatever interest it had in the property. As such, we conclude that the trial court did not err in finding that Irmscher had no interest in the property. Consequently, we affirm.

Affirmed.

BARNES, J., and BRADFORD, J., concur.