William H. HART, Appellant–Plaintiff,

v.

Walter C. WEBSTER and The Steak–N–Shake Company, Appellees–Defendants.

No. 49A05–0802–CV–47.

Court of Appeals of Indiana.

Oct. 15, 2008.

John R. Carr, III, Christopher D. Seigel, Charles N. Doberneck, Ayres Carr & Sullivan, P.C., Indianapolis, IN, Attorneys for Appellant.

Hudnall A. Pfeiffer, Susan W. Kline, Baker & Daniels LLP, Thomas E. Deer, Bonnie L. Martin, Ogletree, Deakins, Nash Smoak & Stewart, P.C., Indianapolis, IN, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, William H. Hart (Hart), appeals the trial court's dismissal of his claims for defamation and invasion of privacy against Appellees–Defendants, Walter C. Webster (Webster) and The Steak–n–Shake Company (SNS) (collectively, Defendants).

We reverse and remand.

*ISSUE*

Hart presents several issues for our review, which we restate as the following single issue: Whether the trial court erred in determining that it lacked subject matter jurisdiction over Hart's claims.

*FACTS AND PROCEDURAL HISTORY*

Hart's original Complaint in this case alleged the following facts. Hart began working for SNS in 1979. In 1988, Hart became SNS's Vice President of Purchasing. In 2005, SNS instructed Webster, its Director of Quality Assurance, to investigate allegations that Hart had violated SNS's gratuity policy and engaged in unethical relationships with SNS's vendors. Hart was initially suspended from his employment, but he was eventually cleared of all wrongdoing.

Nonetheless, Hart claims that Webster "maliciously communicated to persons employed by SNS, persons who had dealings with SNS, including but not limited to, vendors from which SNS purchased products and supplies, and others, that Hart had engaged in unethical conduct in the course of Hart's duties as Vice President of Purchasing." (Appellant's App. pp. 16–17). According to Hart, "Such communications included allegations that Hart was 'on the take' and had accepted gratuities, 'kick-backs', and bribes from vendors, which had allegedly enriched Hart at the expense of higher costs, lower quality, or 'shorted' quantity of products and supplies ordered by Hart on behalf of SNS." (Appellant's App. p. 17).

Hart claimed that, because of the "embarrassment, humiliation, and severe emotional and physical distress" that he suffered as a result of the investigation, he became "fully disabled and unable to work." (Appellant's App. p. 18). As a result, on April 24, 2006, SNS terminated Hart's employment.

On May 15, 2007, Hart filed a Complaint against Webster and SNS, claiming defamation and invasion of privacy against both Defendants, and claiming tortious interference with his employment against Webster only. Hart claimed, in part, that his "business and personal reputation" had been damaged and that the "defamatory communications resulted in Hart suffering embarrassment, humiliation, and severe emotional and physical distress to the point that Hart's doctor determined that Hart was fully disabled and unable to work." (Appellant's App. p. 18).

On July 9, 2007, the Defendants filed a joint motion to dismiss. The Defendants asked for dismissal "with prejudice" under Indiana Trial Rule 12(B)(1) for lack of subject matter jurisdiction because Hart's claims arose out of his employment and therefore lie within the exclusive jurisdiction of Indiana's Worker's Compensation Board. The Defendants also asked that Hart's defamation and invasion of privacy claims be dismissed under Indiana Trial Rule 12(B)(6) for failure to plead with sufficient specificity. Finally, the Defendants asked the trial court to dismiss Hart's tortious interference with employment claim against Webster under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief could be granted.

On August 31, 2007, Hart filed a memorandum in opposition to the Defendants' joint motion to dismiss and an Amended Complaint. In his Amended Complaint, Hart dropped his claim of tortious interference with employment against Webster. Furthermore, in the amended defamation and invasion of privacy counts, Hart wrote:

> Although in addition to damage to Hart's business and personal reputation, and loss of past and future compensation, Hart has suffered severe emotional and physical distress and has incurred

and will incur costs and expenses in connection with the treatment of such emotional and physical distress, as well as certain impairment or disability, Hart expressly disclaims recovery for any physical injuries, medical expenses, anything constituting impairment or disability as defined by the Indiana Worker's Compensation Act [ (WCA) ], and any other recovery or benefit whatever for any injury covered by the [WCA] which resulted or may result from the facts and circumstances alleged in this [Amended Complaint].

(Appellant's App. pp. 41–42). However, the Amended Complaint still claimed that the "defamatory communications resulted in Hart suffering embarrassment, humiliation, and severe emotional and physical distress to the point that Hart's doctor determined that Hart was fully disabled and unable to work." (Appellant's App. p. 40).

On November 26, 2007, the trial court held a hearing on the Defendants' motion to dismiss and gave the parties ten days to file proposed orders. On November 29, 2007, before Hart could tender a proposed order, the trial court issued an order dismissing Hart's Amended Complaint "based solely upon Trial Rule 12(B)(6)." (Appellant's App. p. 47). The trial court held that Hart's Amended Complaint "lack[ed] the required specificity for the claims of defamation and invasion of privacy." (Appellant's App. p. 47). However, the trial court denied the Defendants' motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1), noting that it was "unable to make a determination as to jurisdiction based upon the facts as [pled] in [Hart's] Amended Complaint." (Appellant's App. p. 47). The trial court dismissed Hart's Amended Complaint "without prejudice" and ordered him to file another amended com-

plaint within fifteen days. (Appellant's App. p. 48).

On December 7, 2007, Hart filed a Motion to Reconsider Order of Dismissal Under Trial Rule 12(B)(6), arguing that his Amended Complaint was sufficiently specific and asking that it be reinstated. In turn, on December 13, 2007, the Defendants filed a Joint Motion to Reconsider Ruling on Motion to Dismiss Under Trial Rule 12(B)(1). The Defendants suggested that Hart had "essentially decline[ed]" the trial court's offer to replead by filing his December 7 motion to reconsider. (Appellant's App. p. 50). "In doing so," the Defendants urged, "it is clear [Hart] realizes he cannot 'fix' the defects in his claims. . . . Accordingly, the Defendants respectfully request that the Court reconsider their Motion under Trial Rule 12(B)(1) and dismiss [Hart's] claims for lack of subject matter jurisdiction." (Appellant's App. p. 50). Specifically, the Defendants claimed, "Here, [Hart] says there was total disability, so workers' compensation is the exclusive remedy, and the Court lacks jurisdiction." (Appellant's App. p. 50).

The following day, December 14, 2007, contrary to the Defendants' claim that he had "essentially declin[ed]" the trial court's offer to replead, Hart filed his Second Amended Complaint, in accordance with the trial court's prior dismissal order. In his Second Amended Complaint, Hart omitted his prior references to "severe emotional and physical distress" and the claim that he was "fully disabled and unable to work." Also, he again "expressly disclaim[ed] recovery" under the WCA. (Appellant's App. pp. 57–58).

On December 18, 2007, the trial court denied Hart's Motion to Reconsider Order of Dismissal Under Trial Rule 12(B)(6). Thereafter, on January 4, 2008, the trial court granted the Defendants' Joint Mo-

tion to Reconsider Ruling on Motion to Dismiss Under Trial Rule 12(B)(1). The trial court wrote, "IT IS THEREFORE ORDERED that [Hart's] Complaint is dismissed in its entirety, with prejudice, under Trial Rule 12(B)(1)." (Appellant's App. p. 11). The trial court did not specify whether it was referring to Hart's original Complaint, his Amended Complaint or his Second Amended Complaint, or all three.

On January 11, 2008, Hart filed a Motion to Clarify and Reconsider Order of Dismissal Under Trial Rule 12(B)(1). Hart asked the trial court to clarify which of his complaints it meant to dismiss, to reconsider its dismissal order, and to hold that it has subject matter jurisdiction over the claims in Hart's Second Amended Complaint.

On February 4, 2008, Hart filed a Motion to Treat Motion to Clarify and Reconsider as Motion to Correct Error. On February 8, 2008, the trial court granted Hart's Motion to Treat Motion to Clarify and Reconsider as Motion to Correct Error. On April 28, 2008, the trial court issued an order denying Hart's motion to correct error.

Hart now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

On appeal, Hart contends that the trial court erred in dismissing his claims for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). The parties agree that, because the trial court did not have to resolve any disputed factual issues, the jurisdictional question is purely one of law that should be reviewed *de novo*. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001).

■ Initially, we conclude that the trial court properly dismissed Hart's original Complaint and his Amended Complaint

for lack of subject matter jurisdiction. The relevant question in determining subject matter jurisdiction is whether the type of claim presented by the plaintiff falls within the general scope of the authority conferred upon the court by constitution or statute. *Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 964 (Ind.Ct.App. 2001). The WCA generally governs "compensation for personal injury or death by accident arising out of and in the course of [ ] employment[.]" Ind.Code § 22–3–2–2. More specifically, Indiana Code section 22–3–2–6 provides:

> The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5–2–6.1 [dealing with compensation for victims of violent crimes].

As our supreme court has noted, recovery for personal injury or death by accident arising out of employment and in the course of employment can be sought exclusively under the WCA, and such actions are cognizable only by the Worker's Compensation Board. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1285 (Ind. 1994), *reh'g denied.* "Personal injury" includes both physical injury and the somewhat different notions of "disability" and "impairment." *Id.* at 1288.

■ Here, Hart's original Complaint and his Amended Complaint each claimed that the "defamatory communications resulted in Hart suffering embarrassment, humiliation, and severe emotional and *physical distress to the point that Hart's doctor determined that Hart was fully disabled and unable to work.*" (Appellant's

App. pp. 18, 40) (emphasis added). As such, even though Hart purported to disclaim any recovery under the WCA in his Amended Complaint, the trial court correctly concluded that the substance of Hart's claims fell under the WCA and properly dismissed those claims.

Hart's Second Amended Complaint is a different story. We first note that it is still unclear whether the trial court has ever addressed Hart's Second Amended Complaint. The trial court dismissed Hart's "claims" for lack of subject matter jurisdiction based on the Defendants' Joint Motion to Reconsider Ruling on Motion to Dismiss Under Trial Rule 12(B)(1), which was filed on December 13, 2007, a day *before* Hart even filed his Second Amended Complaint. The trial court did so despite the fact that, on November 29, 2007, it had specifically granted Hart fifteen days to amend his complaint for a second time. In short, we cannot tell whether the trial court ever "dismissed" Hart's Second Amended Complaint.

■ To the extent that it did, it did so in error. In his Second Amended Complaint, Hart made no mention of any physical injury or disability or impairment; as the Defendants themselves acknowledge, "the [WCA] does not apply where the heart of the plaintiff's claim is not physical and the plaintiff claims neither impairment nor disability within the meaning of the [WCA]." (Appellees' Br. p. 11) (citing *Landis v. Landis*, 664 N.E.2d 754, 756 (Ind.Ct.App.1996), *trans. denied* ). Rather, Hart claimed damages to his personal and business reputation, humiliation, and emotional injuries. In *Perry*, our supreme court held that the plaintiff's claims were not barred by the exclusive remedy clause of the WCA because he asserted only that he "suffered embarrassment, humiliation, stress and paranoia, and that his character and reputation have been damaged." *Per-*

*ry,* 637 N.E.2d at 1288. Furthermore, in Hart's Second Amended Complaint, he continued to disclaim any recovery under the WCA. For all of these reasons, Hart's claims do not fall under the exclusive remedy clause of the WCA, and the trial court has subject matter jurisdiction over Hart's Second Amended Complaint.

■ Finally, to the extent that the trial court believed, and the Defendants believe, that Hart was precluded from filing his Second Amended Complaint because the trial court dismissed Hart's previous complaints "with prejudice," they are mistaken. The trial court erred in that regard. "In Indiana, it is well settled that a dismissal with prejudice is a dismissal on the merits, and as such, it is conclusive of the rights of the parties and *res judicata* as to the questions that might have been litigated." *Mounts v. Evansville Redevelopment Comm.*, 831 N.E.2d 784, 791 (Ind. Ct.App.2005), *trans. denied.* A dismissal for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1), on the other hand, is not an adjudication on the merits nor is it *res judicata*. *Perry,* 637 N.E.2d at 1286. As the United States Court of Appeals for the Seventh Circuit has put it, " 'No jurisdiction' and 'with prejudice' are mutually exclusive." *Frederiksen v. City of Lockport,* 384 F.3d 437, 438 (7th Cir.2004), *reh'g denied.* In sum, Hart was not precluded from filing his Second Amended Complaint simply because the trial court purported (in error) to dismiss his earlier complaints "with prejudice."

We remand this cause to the trial court for further proceedings on Hart's Second Amended Complaint, beginning with an opportunity for the Defendants to file a response to that complaint.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly dismissed

Hart's original Complaint and his Amended Complaint for lack of subject matter jurisdiction. However, to the extent that the trial court dismissed Hart's Second Amended Complaint, it did so in error. Therefore, we remand this cause to the trial court for further proceedings on Hart's Second Amended Complaint.

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.