



FILED

Oct 08 2024, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Hoagland Family Limited Partnership, Dan Hoagland in his capacity as general partner and limited partner, and Karen Hoagland in her capacity as general partner and limited partner,

*Appellants-Plaintiffs*

v.

Town of Clear Lake, Clear Lake Town Council, Clear Lake Board of Works a.k.a Sewer Board, Darin Thorp individually and/or in his official capacity, Molly Weber individually and/or in her official capacity, Brent Schlosser individually and/or in his official capacity, Dan Rippe individually and/or in his official capacity, George Schenkel individually and/or in his official capacity, Tyson Johnston individually and/or in his official capacity, Guy Rodgers individually and/or in his official capacity, Bonnie Brown individually and/or in her official capacity, Hawk, Haynie, Kammeyer & Smith, LLP and its partners, David K. Hawk, individually and/or in his official capacity, Engineering Resources, Inc., Derek Frederickson individually and/or in his official capacity, Clear Lake Electric, Inc., Adam Bressler individually and/or in his official capacity

with Clear Lake Electric Inc., John Doe, 1, 2, 3, 4, 5, 6, 7, 8, and
Jane Doe, 1, 2, 3, 4, 5, 6, 7, 8,

*Appellees-Defendants*

---

October 8, 2024

Court of Appeals Case No.
23A-PL-2808

Appeal from the Steuben Superior Court

The Honorable William C. Fee, Judge

Trial Court Cause No.
76D01-2305-PL-237

---

**Opinion by Judge Kenworthy**
Judges May and Felix concur.

**Kenworthy, Judge.**

## Case Summary

[1] Hoagland Family Limited Partnership and its partners Dan Hoagland and Karen Hoagland (collectively, "Hoagland") appeal the trial court's dismissal of their complaint against the Town of Clear Lake (the "Town"); the Clear Lake Town Council; the Clear Lake Board of Works; various government officials; attorney David Hawk and his law firm Hawk, Haynie, Kammeyer & Smith, LLP; Engineering Resources, Inc.; Derek Frederickson; Clear Lake Electric, Inc.; and Adam Bressler (all collectively, "Defendants").

[2] Hoagland presents two issues for our review, which we restate as:

1. Did the trial court err in dismissing Hoagland's case "with prejudice" where another trial court already exercised authority over the case?

2. Did Hoagland have a right to amend its complaint after the trial court dismissed the case?

We affirm.

## Facts and Procedural History

Since 2010, Hoagland and the Town have been embroiled in litigation in the Steuben Circuit Court under cause number 76C01-1006-PL-425 ("Cause 425"). Cause 425 originated when the Town sought to compel Hoagland to connect three residential properties to the Town's sewer system. *See Town of Clear Lake v. Hoagland Fam. Ltd. P'ship*, 75 N.E.3d 1081, 1084 (Ind. Ct. App. 2017), *trans. denied*. Cause 425 has resulted in three appeals to this Court and is still pending in the Steuben Circuit Court.

Hoagland filed this case in May 2023 in the Steuben Superior Court alleging "various due process violations and Indiana and Federal Constitutional and Civil rights violations relating to the installation of electrical and sewer facilities under and on Hoagland's property." *Appellants' Br.* at 8. On June 19, the Town moved for dismissal under Indiana Trial Rule 12(B)(8), arguing Hoagland's complaint sought to relitigate the issues and challenge the trial court's orders in Cause 425 and should be dismissed because the same action was already pending in another Indiana court. The Town also moved to stay the

proceedings until Hoagland voluntarily dismissed the case or the trial court heard the Town's Rule 12(B)(8) motion.

[6]     The trial court granted the motion to stay until voluntary dismissal. But when Hoagland did not move to dismiss, the trial court held a hearing on the Town's Rule 12(B)(8) motion, in which all other Defendants joined. At the end of the hearing, the trial court orally granted the motion to dismiss. About three weeks later, the trial court entered a written order dismissing the case with prejudice. The order stated, in pertinent part:

> It is, therefore, ORDERED that the above captioned cause shall be and is hereby DISMISSED, with prejudice, as to Defendant Town of Clear Lake and all other Defendants therein named.

*Appellants' App. Vol. 2* at 21.

[7]     Ten days after the written order, Hoagland filed an amended complaint, which Defendants moved to strike. While the motions to strike were pending, Hoagland moved to correct error challenging the trial court's Rule 12(B)(8) dismissal. In a combined order, the trial court granted Defendants' motions to strike the amended complaint and gave Defendants additional time to respond to Hoagland's motion to correct error. The trial court eventually denied the motion to correct error, and Hoagland timely appealed.

## 1. The trial court did not err in dismissing the case with prejudice.

[8] Hoagland first argues the trial court erred by dismissing its case with prejudice. When an action is pending before a state court of competent jurisdiction, other Indiana courts must defer to the first court's extant authority over the case. *State ex rel. Meade v. Marshall Superior Court II*, 644 N.E.2d 87, 88 (Ind. 1994). "Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency." *Id*. at 88–89. This principle is implemented by Rule 12(B)(8), which allows a party to move for dismissal on the grounds the same action is pending in another Indiana court. *Id*. at 89 (citing the precursor to Ind. Trial Rule 12(B)(8)). The rule applies when the parties, subject matter, and remedies are precisely or substantially the same. *Id*. We review *de novo* the trial court's grant or denial of a motion to dismiss under Rule 12(B)(8) because it raises a question of law. *Walker v. Herman & Kittle Props., Inc.*, 178 N.E.3d 1266, 1270 (Ind. Ct. App. 2021), *trans. denied*.

[9] Here, the trial court determined dismissal under Rule 12(B)(8) was appropriate. During arguments, the trial court asked Hoagland, "If the Court were to take this matter up, don't we have competing forums here?" *Tr. Vol. 1* at 14. Hoagland conceded, "under certain cause of actions I believe so." *Id*. The trial court's written order did not specify a reason for dismissing the action, but when pronouncing its decision at the hearing, the trial court determined "it's the same litigation." *Id.* at 16.

[10] On appeal, Hoagland presents us with no arguments about the overlap in parties, subject matter, and remedies between this case and Cause 425. Nor does Hoagland explain whether or how an amended complaint could cure the defects the trial court identified. Hoagland even concedes the trial court did not err in dismissing the original complaint under Rule 12(B)(8). *See Appellants' Br.* at 16 n.3 ("Hoagland does not contest, for purposes of this argument, that the Trial Court did not abuse its discretion in granting the Motion to Dismiss of the original complaint pursuant to Trial Rule 12(B)(8)."). Accordingly, Hoagland has waived any argument that this cause of action and Cause 425 were not precisely or substantially the same. *See Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) ("The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.").

[11] After the trial court dismissed the case with prejudice, Hoagland tendered an amended complaint, which the trial court struck on the Town's motion. Hoagland's chief concern on appeal is the trial court's dismissal "with prejudice" acts as a dismissal on the merits and therefore denies it the opportunity to litigate the issues or amend the complaint. In this way, Hoagland is more concerned about what procedures should have been available to it after the trial court dismissed under Rule 12(B)(8) than the merits of the dismissal decision itself.

[12] The general rule is "a dismissal with prejudice is a dismissal on the merits, and as such, it is conclusive of the rights of the parties and *res judicata* as to the

questions that might have been litigated." *Hart v. Webster*, 894 N.E.2d 1032, 1037 (Ind. Ct. App. 2008) (quoting *Mounts v. Evansville Redev. Comm'n*, 831 N.E.2d 784, 791 (Ind. Ct. App. 2005), *trans. denied*). We have affirmed a Rule 12(B)(8) dismissal with prejudice where a party could not amend the complaint to avoid overlap of the parties, subject matter, or remedies. *See Beatty v. Liberty Mut. Ins. Grp.*, 893 N.E.2d 1079, 1084 n.2, 1087 (Ind. Ct. App. 2008) (affirming a dismissal under Rule 12(B)(8) with prejudice in part because "no amendment to the [plaintiffs'] complaint could cure the Trial Rule 12(B)(8) defect"). As Hoagland makes no argument on appeal challenging the trial court's Rule 12(B)(8) decision or explaining how it would amend its complaint to avoid the Rule 12(B)(8) problem that plagued the original complaint, we decline to reverse the trial court's dismissal order.

[13]  Still, Hoagland points us to other authority suggesting Rule 12(B)(8) should not be considered a dismissal on the merits, and therefore the trial court erred in dismissing "with prejudice." First, Hoagland asserts dismissals under most other sections of Trial Rule 12(B) are not judgments on the merits and therefore Rule 12(B)(8) dismissals should not be.[1] For example, "dismissal under Trial

---

[1] Under Trial Rule 12(B), a party may plead eight defenses by motion:

    (1) Lack of jurisdiction over the subject matter,

    (2) Lack of jurisdiction over the person,

    (3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75,

    (4) Insufficiency of process;

    (5) Insufficiency of service of process;

Rule 12(B)(1) [lack of subject matter jurisdiction] is not an adjudication on the merits nor is it res judicata." *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994) (citations omitted). As our Supreme Court has explained, this is because a 12(B)(1) motion "presents a threshold question concerning the court's power to act. When a court lacks subject matter jurisdiction, any action it takes is void." *Id. See also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render. 'No jurisdiction' and 'with prejudice' are mutually exclusive.") (citation omitted).[2]

[14] In the past, our Supreme Court explained the basis of Rule 12(B)(8) in jurisdictional terms:

> An unseemly conflict of jurisdiction exists between two courts of coordinate jurisdiction where both exert authority over cases between the same parties and involving the same subject matter and issues. In such instances the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise. And, in such instances this Court will enforce such exclusivity of jurisdiction

---

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17;

(7) Failure to join a party needed for just adjudication under Rule 19;

(8) The same action pending in another state court of this state.

T.R. 12(B).

[2] This is in accord with Trial Rule 41(B), which provides: "…Unless the court in its order for dismissal otherwise specifies, . . . any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction,* operates as an adjudication upon the merits." T.R. 41(B) (emphasis added).

by prohibiting the court last acquiring such jurisdiction from further exercise thereof.

*State ex rel Intern. Harvester Co. v. Allen Cir. Ct.*, 352 N.E.2d 487, 489 (Ind. 1976) (citations omitted)*; see also Pivarnik v. N. Ind. Pub. Serv. Co.*, 636 N.E.2d 131, 135 (Ind. 1994) ("When two or more courts have concurrent jurisdiction over the same case, the jurisdiction of the court first acquiring such jurisdiction is deemed exclusive until the case is finally disposed of on appeal or otherwise.") (quotation omitted); *State ex rel. Ferger v. Cir. Ct. of Marion Cnty.*, 84 N.E.2d 585, 587 (Ind. 1949) ("Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, *but where one of the two first acquires jurisdiction of the subject-matter and person in a particular case, the jurisdiction becomes exclusive*.").

[15] But in more recent years, our Supreme Court has backed away from the concept of "jurisdiction over a particular case" because such terminology is inaccurate. *See K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006) (holding Indiana trial courts possess only two kinds of jurisdiction, subject matter and personal, and phrases "like 'jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations"). For this reason, a panel of this Court has held "the mere fact that the same action is being prosecuted simultaneously in two Indiana courts does not implicate jurisdictional concerns." *Irmscher Suppliers, Inc. v. Capital Crossing Bank*, 887 N.E.2d 97, 100 (Ind. Ct. App. 2008) (also observing failure to move to dismiss under Rule 12(B)(8) or file a responsive pleading asserting the defense may

result in waiver of legal error). When the same case is pending in another court, a court defers to the first court to promote fairness to litigants, comity between courts, and judicial efficiency. *Meade*, 644 N.E.2d at 88–89. And as the *Irmscher* Court observed, "'comity is not a mandatory rule of law, but is a rule of practice, convenience, and courtesy.'" 887 N.E.2d at 100 (quoting *George S. May Int'l Co. v. King*, 629 N.E.2d 257, 260 (Ind. Ct. App. 1994), *trans. denied*).

[16] Here, the trial court had the jurisdiction to decide the case and could have decided the claims, although to do so would risk inconsistent or conflicting judgments. *See Beatty*, 893 N.E.2d at 1087 ("Trial Rule 12(B)(8) is meant to avoid the risk of conflicting judgments or other confusion that can result from two courts exercising simultaneous jurisdiction over the same or substantially same action."). But after examining the complaint and deciding this case is precisely or substantially the same as Cause 425, the trial court deferred to the first court's authority. This is the preferred approach, as *Meade* instructs courts "must" defer to the first court's authority over the case when the same case is pending in another court. 644 N.E.2d at 88.

[17] Critically, the trial court's dismissal with prejudice did not deprive Hoagland of its day in court. Hoagland's remedy lies in the tribunal already exercising its authority over the case: the trial court hearing Cause 425. As such, Hoagland cannot show harm from the dismissal with prejudice because the case *is already pending in another court*. Put simply, Hoagland does not need another bite at the apple. And because Hoagland appealed the trial court's Rule 12(B)(8) dismissal

but failed to challenge the substance of the court's decision—that is, the court's determination the parties, subject matter, and remedies are precisely or substantially the same—Hoagland presents us with no basis for reversal of the court's dismissal order. *See Beatty*, 893 N.E.2d at 1087. Accordingly, we affirm the trial court's dismissal of Hoagland's complaint with prejudice.

## 2. Hoagland did not have a right to amend its complaint after the trial court dismissed the cause of action.

[18] Hoagland next argues the trial rules confer on a party the right to amend a pleading after Rule 12(B)(8) dismissal and therefore the trial court erred by striking its amended complaint. In making this argument, Hoagland asks us to interpret the Indiana Rules of Trial Procedure. Interpretation of our trial rules is a question of law we review *de novo*. *Morrison v. Vasquez*, 124 N.E.3d 1217, 1219 (Ind. 2019). When construing a trial rule, we employ the standard tools of statutory interpretation. *Noble Cnty. v. Rogers*, 745 N.E.2d 194, 197 n.3 (Ind. 2001). We start with the plain language of the rule, giving its words their ordinary meaning and considering the structure of the rule as a whole. *See West v. Off. of Ind. Sec. of State*, 54 N.E.3d 349, 353 (Ind. 2016).

[19] First, Hoagland contends the right to amendment after a dismissal under Rule 12(B)(8) is the same as under Rule 12(B)(6) (failure to state a claim upon which relief can be granted). Trial Rule 12(B) specifically permits one amendment of the complaint after dismissal under Rule 12(B)(6):

> When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be

> amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule.

T.R. 12(B). The plain language of this section of Rule 12(B) applies only to Rule 12(B)(6) dismissal. Rule 12(B) does not confer a right to amendment after dismissal under Rule 12(B)(8), and we decline Hoagland's request to read into the trial rule language that is not there.

[20] Hoagland also contends it had a right to amend its complaint under Trial Rule 15(A). The rule provides, in relevant part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court[.]" T.R. 15(A). In other words, when no responsive pleading to the original complaint has been filed, the plaintiff has a right to amend its complaint and there is no need to seek the permission of the trial court. *Comer v. Gohil*, 664 N.E.2d 389, 393 (Ind. Ct. App. 1996), *trans. denied*.

[21] As Hoagland asserts, a motion to dismiss is not a responsive pleading for purposes of Rule 15(A). *Id.* And in at least one case, we have permitted a party to amend a complaint after Rule 12(B)(8) dismissal. *See id.* (on appeal of a Rule 12(B)(8) dismissal, remanding with instructions to the trial court to permit amendment of a medical malpractice complaint where plaintiff could amend the complaint to avoid the statutory prerequisite to first present the complaint to the medical review board).

[22] Even so, we need not decide whether Rule 15(A) always confers a right to amend after Rule 12(B)(8) dismissal. Assuming *arguendo* Hoagland could amend its complaint to avoid its Rule 12(B)(8) problem, we find dispositive the fact that Hoagland tendered its amended complaint *after* the trial court dismissed the case completely.

[23] The trial court orally granted the Town's motion to dismiss at the hearing, then three weeks later entered a written order stating, "the above captioned cause shall be and is hereby DISMISSED[.]" *Appellants' App. Vol. 2* at 21. "A trial court's entry sustaining a motion to dismiss that goes on to adjudge the case dismissed constitutes a final judgment." *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) (when interpreting the federal counterparts to our Trial Rules, holding the right to amend a complaint once as a matter of course does not survive a dismissal of the entire case). Once the trial court dismissed the suit, any right Hoagland may have had to amend the complaint was extinguished. Hoagland's next available courses of action were to (1) raise its claims in Cause 425; (2) appeal the judgment; or (3) seek the trial court's permission to amend the complaint under Trial Rule 15(A) after moving to correct error under Trial Rule 59 or requesting relief from the judgment under Trial Rule 60. Because Hoagland had no right to amend its complaint after dismissal of the case, the trial court did not err in striking its amended complaint.

## Conclusion

The trial court did not err in dismissing Hoagland's complaint with prejudice. Hoagland had no right to amend its complaint after the trial court dismissed the case.

Affirmed.

May, J., and Felix, J., concur.

ATTORNEY FOR APPELLANTS

Michael H. Michmerhuizen
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES TOWN OF CLEAR LAKE, CLEAR LAKE TOWN COUNCIL, CLEAR LAKE BOARD OF WORKS, DARIN THORP, MOLLY WEBER, BRENT SCHOLOSSER, DAN RIPPE, GEORGE SCHENKEL, TYSON JOHNSTON, GUY RODGERS, BONNIE BROWN, HAWK, HAYNE, KAMMEYER & SMITH, LLP, AND DAVID K. HAWK

David K. Hawk
Michael D. Hawk
Hawk, Haynie, Kammeyer & Smith, LLP
Fort Wayne, Indiana

Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES ENGINEERING RESOURCES, INC., AND DEREK FREDERICKSON

William E. Kelley, Jr.,
Evan M. Norris
Drewry Simmons Vornehm, LLP
Carmel, IN

ATTORNEY FOR APPELLEES CLEAR LAKE ELECTRIC, INC., AND ADAM BRESSLER

John M. Haecker
Hamilton Law, LLC
Auburn, Indiana